486 So.2d 717 (1986)
Herman HEBERT and Lucy Hebert
v.
DOCTORS MEMORIAL HOSPITAL.
No. 85-C-2277.
Supreme Court of Louisiana.
March 31, 1986.
*718 Larry P. Boudreaux, Roy A. Jefferson, Jr., for applicant.
Donald T.W. Phelps, Daniel Reed, Seale, Smith & Phelps, for respondent.
CALOGERO, Justice.
Did the trial and appeal courts correctly dismiss plaintiffs' medical malpractice lawsuit against a treating physician because it had prescribed? If not, was the lawsuit nonetheless perempted by virtue of La.Rev. Stat. § 9:5628 because it was not filed within three years from the date of the alleged negligence?[1]
For the reasons which follow we answer both of the foregoing questions in the negative, reverse the lower court rulings and remand to the district court for further proceedings.
On March 17, 1975, Mrs. Lucy Hebert, while a patient at Doctors Memorial Hospital in Baton Rouge, fell to the floor and sustained injuries. Within a year, on March 15, 1976, she sued the hospital. Evident only from the record of the case and included filings in the clerk's office, the suit remained pending in the district court, when on October 3, 1983 plaintiffs, Mr. and Mrs. Hebert, amended their petition and added Dr. Morgan as a defendant. On January 12, 1984 a "limited motion to dismiss," with prejudice, signed by plaintiffs' attorney, and accompanied by an order or judgment dismissing the suit with prejudice as to the hospital, was filed in the record.
On February 22, 1984 Dr. Morgan filed an exception of prescription and attached a "restrictive receipt and release" dated 2/25/81 (but by admission of the parties executed 2/25/82) and a memorandum in support of the exception.
In the restrictive receipt and release plaintiffs acknowledged receipt of money and settlement of their claim against Doctors Memorial Hospital and agreed "to dismiss immediately [the lawsuit] as to Doctors Memorial Hospital, only, with prejudice." They further expressly reserved any claims they might have against any other "person, firm or corporation who may be liable to them as a result of the injury" which Mrs. Hebert suffered at the hospital.
In opposition to the exception of prescription plaintiffs argued that their amended petition adding Dr. Morgan related back to the date of filing of the original petition which had named the hospital alone as a defendant. Alternatively, they contended that prescription as to the claim against Dr. Morgan was interrupted by timely suit against the hospital, a solidary obligor, and that such interruption continued as long as the suit against the hospital remained pending. That was until at least October 3, 1983, the date the amending petition adding Dr. Morgan was filed, for it was not until January 12, 1984 that a judgment dismissing the hospital was signed and filed in the record.
The district judge maintained the exception of prescription. The Court of Appeal affirmed. First, they correctly held that the amended pleading adding Dr. Morgan did not relate back to the date of the filing of the pleading. "[A]rt. 1153 does not authorize the relation back of an amendment which merely adds a new defendant. *719 Lowe v. Rivers, 448 So.2d 848, 850 (La.App. 2d Cir.1984) (citing McClendon v. Security Insurance Co., 340 So.2d 426, 428 (La.App. 4th Cir.1976))." Hebert v. Doctors Memorial Hospital, 477 So.2d 1227, 1229 (La.App. 1st Cir.1985). La.Code Civ.Pro. art. 1153 states that
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In Ray v. Alexandria Mall, 434 So.2d 1083, 1086-87 (La.1983) this Court enunciated four factors which must be satisfied in order for a subsequent amendment to relate back to the date of the filing of the original petition. Those factors are:
(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Defendant admits that the first criterion of the Ray test is met. As to the second, however, there is no evidence in the record that Dr. Morgan had any knowledge of the pendency of plaintiff's March 15, 1976 suit against Doctors Memorial until he was subpoenaed on August 31, 1981, to testify at a trial set for September 28, 1981. And it cannot be said that but for a mistake concerning identity of the proper party defendant, the action would have been brought against him (third criterion). The properly identified hospital, alone, and not Dr. Morgan, was named in the original suit, unlike in Ray v. Alexandria Mall where a mistaken "Alexandria Mall" rather than the correct "Alexandria Mall Company" was originally named. Most significantly however, Dr. Morgan was not a substitute defendant and was indeed a wholly new and unrelated defendant (fourth criterion).
Next, plaintiff argued that irrespective of whether the petition adding Dr. Morgan is to be construed as filed in 1976 because it "relates back," timely suit against the hospital interrupted prescription on the claim against Dr. Morgan, for Doctors Memorial was assertedly a solidary obligor (C.C. art. 1793),[2] and the interruption continued as long as suit against the hospital was pending, Louviere v. Shell Oil Co., 440 So.2d 93, 96 (La.1983). The Court of Appeal concluded, however, that the suit against the hospital was no longer pending after plaintiffs executed releases relative to the hospital on 2/25/82. Under this reasoning, prescription commenced anew on 2/25/82 and the claim against Dr. Morgan prescribed one year later, some seven full months before plaintiffs sued Dr. Morgan on October 3, 1983. For these reasons the Court of Appeal maintained the exception of prescription and dismissed plaintiffs' suit.
Defendant convinced the Court of Appeal that "when plaintiffs settled with and released the hospital on 2/25/82 no other defendants remained in the suit," that "for a period of one year and eight months plaintiffs' suit had no defendant," that "the suit ceased to exist the day plaintiff released the only defendant" for "after that point the suit had no object, no defendant, no substance," despite the absence of a judgment of dismissal; that a suit is not still pending when a sole defendant has been released (the release was not placed *720 of record), and no judgment of dismissal signed or filed.
We come to the contrary conclusion. The lawsuit against the hospital was pending in the Nineteenth Judicial Court, Parish of East Baton Rouge from the moment it was filed on 3/15/76, until it was dismissed by judgment of the court on 1/12/84. In the interim nothing had been done to dispose of the lawsuit. One of the attorneys, probably defendant's, although it might just as well have been plaintiffs', possessed in his office file a release of the hospital executed by the plaintiffs. Also, and this is not necessarily dispositive, the record does not reflect that a motion to dismiss had been signed by plaintiffs' counsel. The signed release, which was in existence on and following 2/25/82, was not filed in court until 2/22/84 when it was attached to Dr. Morgan's exception of prescription and memorandum in support filed that day.
La.Civ.Code art. 3463, which merely codified the jurisprudence,[3] was enacted in 1982. It provides:
Art. 3463 Duration of interruption; abandonment or discontinuance of suit

An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial. (Emphasis provided)
Neither the comments nor the jurisprudence offer much help as to what is meant by the phrase "as long as the suit is pending." That is not surprising considering the clarity of the phrase. Black's Law Dictionary (5th ed. 1979) at page 1021, says that "an action or suit is `pending' from its inception until the rendition of final judgment." It defines "Pendency" at page 1020, as "the state of an action, etc., after it has begun and before the final disposition of it." And final disposition connotes a state of affairs "such that nothing further remains to fix the rights and obligations of the parties." The commonly understood meaning of the word in a legal context is appropriate.[4]
Defendant's argument that the lawsuit was not pending after plaintiffs signed a release of the hospital relies heavily on La.Civ.Code art. 3078, which provides:
Res Judicata; error; lesion
Transactions[5] have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
Defendants contend that plaintiffs' claim against the hospital was res judicata from the day plaintiffs signed the release, i.e., February 25, 1982. Therefore the lawsuit was no longer pending after that date. That argument is simply not convincing.
If an executed release is in fact later determined in court to be valid, it is entitled judicially to "a force equal to the authority of things adjudged." La.Civ.Code art. 3078. Held valid in Court, it will thus support a litigant's effort to dismiss a then pending lawsuit, with prejudice. Nonetheless, the mere existence of an instrument purporting to be a valid release can hardly have any bearing on the fact that, *721 until the lawsuit is dismissed, it, the lawsuit, is still pending. Surely, until that suit is dismissed, the existence, validity and/or binding nature of the release is subject to judicial scrutiny, and then no doubt in the very same pending lawsuit, one which has yet to be dismissed.
It is our conclusion that a suit is pending until a final judgment dismissing it has been filed.
Plaintiffs' lawsuit against the hospital, an asserted solidary obligor along with Dr. Morgan, was therefore pending until January 12, 1984, three months after plaintiff, by amending petition, sued Dr. Morgan. Consequently the suit against the hospital interrupted prescription as to the October 3, 1983 amended petition claiming damages against Dr. Morgan.
We turn now to defendant's contention that La.Rev.Stat. § 9:5628 is in fact a peremption statute, and that peremption may not be interrupted. If § 9:5628 is a peremption statute, plaintiffs' claim against Dr. Morgan, filed more than eight years after the injury, has been extinguished (See La.Civ.Code 3458, the present Civil Code Article which defines peremption and its effect), and plaintiff's suit must be dismissed.
Until 1975, actions for damages for negligent injury or death from medical malpractice were governed by the same liberative prescription articles as applied in other torts. Damage actions were barred after a year from the day injury or damage was sustained[6], although under our jurisprudence contra non valentem'[7] constituted an exception to this statutory provision for the person unable to bring an action. Included among such situations is that where the cause of action is not known or reasonably knowable by the plaintiff. Corsey v. State Dept. of Corrections, 375 So.2d at 1322.
In 1975 the Legislature passed 1975 La. Acts No. 808, § 1.[8] The act was entitled

AN ACT
To amend Code Title XXIII of Title 9 of the Louisiana Revised Statutes of 1950 by adding thereto a new Section to be designated as Section 5628, to provide for a maximum prescriptive period and abandonment with respect to medical malpractice claims. (emphasis added)
It provides:
Be it enacted by the Legislature of Louisiana:
Section 1. Section 5628 of Title 9 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:
§ 5628. Actions for medical malpractice
A. No action for damages for injury or death against any physician, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or *722 within one year from the date of discovery of the alleged act, ommission * or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the invalid provisions, items or applications, and to this end the provisions of this Act are hereby declared severable.
Section 3. All laws or parts of laws in conflict herewith are hereby repealed.
Thus, La.Rev.Stat. § 9:5628 now governs the time for filing medical malpractice actions. In sum, it provides that suit must be brought within one year from the date of the alleged act, omission or neglect, or within one year from date of discovery of same. With respect to the latter (one year from date of discovery) the claim must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.[9]
The pertinent question remaining, of course, is whether the Legislature intended to enact a prescriptive or peremptive statute when they passed 1975 La.Acts No. 808, § 1.
Although the peremption articles, La.Civ. Code arts. 3458-3461, were not enacted until 1982, peremption has long been established in Louisiana jurisprudence and is traceable to the civil law concept of forfeiture. Flowers, Inc. v. Rausch, 364 So.2d 928, 931 n. 1 (La.1978) (citing 28 G. Baudry-Lacantinerie & A. Tissier, Traite Theorique et Pratique de Droit Civil §§ 38-39 (La.St. L.Inst.trans.1972).) The early cases, beginning with Guillory v. Avoyelles Railway Co., 104 La.11, 28 So. 899 (1901), attempted to distinguish peremption from prescription (no simple matter, incidentally), and the Legislature's 1982 codification of the doctrine is based on the jurisprudence.
In Guillory v. Avoyelles Railway Co., the Louisiana Supreme Court found peremptive the three-month period to file suit when contesting the validity of a property tax election. The statute under consideration in Guillory both created the right of action and stipulated the delay during which the right could be exercised. Other statutes with both characteristics (creation of the right and stipulation of the delay for filing suit) have also been found to have established peremptive periods.[10] Another characteristic of a statutorily created peremptive period is the existence of an underlying public interest that a right exist only for a limited period of time. Thus the Guillory court emphasized the need for one with grounds to challenge a tax to do so promptly, before large sums of money were expended under the authorization.[11]
Drawing on the jurisprudence, particularly the reasons underlying the recognition *723 of peremption as a concept distinct from prescription, essentially that certain actions should be strictly defined and limited, the Legislature in 1982 adopted La.Civ.Code arts. 3458-3461. They provide:
Art. 3458. Peremption; effect
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period,
Art. 3459. Application of rules of prescription
The provisions on prescription governing computation of time apply to peremption.
Art. 3460. Peremption need not be pleaded
Peremption may be pleaded or it may be supplied by a court on its own motion at any time prior to final judgment.
Art. 3461. Renunciation, interruption, or suspension ineffective.
Peremption may not be renounced, interrupted, or suspended.
Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La.Civ.Code art. 1762 (1))[12]; peremption, however, extinguishes or destroys the right (La.Civ.Code art. 3458). Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable. As an inchoate right, prescription, on the other hand, may be renounced, interrupted, or suspended; and contra non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues.
While these articles (La.Civ.Code arts. 3458-3461) have enacted into law the distinguishing characteristics of peremption they do not attempt to specify whether particular time periods enacted in any given legislation constitute peremptive or prescriptive periods. Thus, we have a framework for analysis and the flexibility to apply the appropriate doctrine to the case under consideration.
La.Rev.Stat. § 9:5628 sets forth more than one time period. Initially, it coincides with La.Civ.Code art. 3492's basic one year prescriptive period for delictual actions, coupled with the "discovery" exception of our jurisprudential doctrine of contra non valentem ("within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect"). A separate and independent feature, or provision, of § 9:5628 is contained in the following clause:
provided, however, that even as to claims filed within one year from the date of discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
It has been suggested by at least one legal writer that this three year period is peremptive. Comment, Recent Medical Malpractice Legislation, 50 Tul.L.Rev. at 673. On the other hand no opinion of this Court has faced the precise issue. Lott v. Haley, 370 So.2d 521 (La.1979) and Chaney v. State of La.DHHR, 432 So.2d 256 (La. 1983), however, have treated § 9:5628 as prescriptive. In Lott, the three year period was described as "curtail[ing] the open-ended time limit for filing a medical malpractice suit." And the only appellate cases have either decided that § 9:5628 is a prescription statute, Chalstrom v. Desselles, 433 So.2d 866 (La.App. 4th Cir.) and Hernandez v. Lafayette Bone and Joint Clinic, 467 So.2d 113 (La.App. 3rd Cir.1985), or assumed that it was so, Billiot v. American Hospital Supply Corp., 721 F.2d 512 (5th Cir.1983).
*724 When we examine the evolution of the theory of peremption and the considerations which bear on the distinction between peremption and prescription, we conclude that La.Rev.Stat. § 9:5628 is in both of its features noted above a prescription statute, with only the single qualification that the discovery rule is expressly made inapplicable after three years from the act, omission or neglect. Our conclusion is in accord with the earlier expression of this Court in Chaney v. State of La.DHHR, although admittedly that opinion did not specifically consider the argument that § 9:5628 was a peremption statute. The Court asserted:
by enacting La.R.S. 9:5628, the legislature has in a limited manner legislatively overruled the fourth exception of the judicially created doctrine of contra non valentem as it applies to actions for medical malpractice filed more than three years from the date of the act, omission or neglect. Chaney, 432 So.2d at 259.
Of significance is the title to 1975 La. Acts. No. 808, § 1, which enacted La.Rev. Stat. § 9:5628. As recited earlier in this opinion, it states that the purpose of the act is to establish a new section to provide for a "maximum prescriptive period" with regard to medical malpractice claims. The Fourth Circuit Court of Appeal majority pointed out in Chalstrom v. Desselles, 433 So.2d 866, 868 (La.App. 4th Cir.1983) that to be constitutional, a bill enacted into law must contain a title indicative of its object. La.Const. art. III, § 15(A). Weight must clearly be given to this statement of the act's object in determining the Legislature's intent in passing this statute. And, it is the legislative purpose sought to be achieved by a particular limitation period which has been found to be one of the most significant factors in distinguishing peremption from prescription. Pounds v. Schori, 377 So.2d at 1199-2000.
We note that other indicators also suggest that La.Rev.Stat. § 9:5628 is prescriptive rather than peremptive in nature. As discussed earlier, peremption statutes generally create the right of action and stipulate the delay during which the right may be exercised. Although § 9:5628 stipulates the delay, it does not create the right to file suit in a tort action, including medical malpractice. That right long preceded § 9:5628. Other factors suggestive of a peremptive period are the existence of a claim of a public law nature, and a period of less than one year. Comment, Legal Rights and the Passage of Time, 41 La.L. Rev. 220, 252 (1980). La.Rev.Stat. § 9:5628 qualifies on neither score. A suit for damages by a patient against a health care provider can only be characterized as being a matter of private rather than public law, and the prescription period is not less than one year.
Defendant's strongest argument in support of peremption is that the language of the statute suggests that peremption is intended, an extinguishment of the right upon lapse of a period. ("No action ... shall be brought unless filed within one year ...", and "even as to claims filed within one year ... of such discovery, in all events such claims must be filed at the latest within ... three years....") However, not one case in the jurisprudence considering the distinction between prescription and peremption has accentuated the language used in a given statute as determinative of which was intended. Furthermore, had the Legislature meant it to be peremption they could have so entitled the act rather than calling it "a prescriptive period." A more plausible interpretation and one consistent with the determination that the § 9:5628 is entirely a prescription statute is that it was meant to and does dispense with just one feature normally attendant to prescription, the contra non valentem doctrine's extension of prescription through the discovery rule.
In conclusion our examination of La.Rev. Stat. § 9:5628 reveals a legislative enactment, referring in its title to a "prescriptive period" and barren of most of the traditional characteristics of peremption. We decide that § 9:5628 is a prescription statute with a qualification, that is, the contra non valentem type exception to prescription embodied in the discovery rule is expressly *725 made inapplicable after three years from the act, omission or neglect. Thus timely suit against a solidary obligor interrupts the prescription set forth in § 9:5628.

Decree
For the foregoing reasons, we find that La.Rev.Stat. § 9:5628 is a prescription statute, not one of peremption, that prescription is interrupted by a timely filed suit against a purported solidary obligor,[13] and that plaintiffs' suit against the hospital, pending when the petition was amended to name Dr. Morgan, interrupted prescription as to the latter claim. The contrary judgments of the Courts below are thus reversed and the case remanded for further proceedings.
REVERSED; REMANDED.
DENNIS, J., concurs with reasons.
NOTES
[1] We note that the constitutionality of La.Rev. Stat. § 9:5628 was not raised in this case and thus is not addressed herein. Although that issue was presented for decision in Crier v. Whitecloud, 486 So.2d 713, also rendered this day, the particular resolution of that controversy did not require consideration of the constitutionality of § 9:5628.
[2] La.Civ.Code art. 1793 provides:

Art. 1793. Interruption of Prescription
Any act that interrupts prescription for one of the solidary obligees benefits all the others.
[3] Comment (a) to La.Civ.Code Ann. art. 3463 states that although the first sentence of the provision is new, it is based on Louisiana jurisprudence and does not change the law.
[4] The cases which address this matter of pending actions address not what constitutes "pending," but rather which pending lawsuits in fact interrupt prescription. In Marshall v. Southern Farm Bureau Cas., 204 So.2d 665 (La.App. 3rd Cir.1967), it was held that a timely filed Federal Court suit interrupts prescription as to a later filed state court suit. An earlier state court action, dismissed with prejudice after defense joined in the motion, does also. Hebert v. Cournoyer-Oldsmobile-Cadillac-GMC, Inc., 405 So.2d 359 (La.App. 4th Cir.1981).
[5] La.Civ.Code art. 3071 defines a transaction as "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent."
[6] La.Civ.Code arts. 3536 and 3537, containing almost identical provisions to art. 3492 were replaced in 1983 by art. 3492, which provides:

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
Other statutory provisions expand the concept of prescription. For instance, La.Civ.Code art. 3449 permits the renunciation of prescription after accrual, and art. 3452 requires that prescription be pleaded. Furthermore, the filing of suit interrupts prescription, according to La.Civ. Code art. 3462.
[7] Contra non valentem is the shortened form of the phrase contra non valentem agere nulla currit praescriptio, meaning prescription does not run against a party unable to act. Although La.Civ.Code art. 3521, now art. 3467, provided that prescription runs against all persons unless they are excepted by law, Louisiana jurisprudence recognized this limited exception based on an ancient civilian doctrine. Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1321 (La. 1979).
[8] A 1976 amendment added "chiropractors" to the list of covered medical malpractice defendants, as well as a Subsection B, which provides:

B. The provisions of this section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
[9] This legislative limitation to a maximum of three years on the application of the discovery rule for a tort action involving medical malpracticethe discovery rule is an embodiment of contra non valentemwas purportedly a response to the problem of sharp increases in medical malpractice insurance rates. Comment, Recent Medical Malpractice LegislationA First Checkup, 50 Tul.L.Rev. 655 (1976). It was believed that lengthy periods for filing suit brought about by the discovery rule (a mechanism by which the statute of limitations commenced running only upon discovery of an injury rather than upon perpetration of the tort) had contributed to the increasing number of malpractice claims and that, if the number of suits brought were restricted, insurance risks would be reduced and rates would decline.
[10] The period of time (six months) within which certain adoptions made valid by statute may be annulled was found to be peremptive in Succession of Pizzillo, 223 La.328, 65 So.2d 783 (1953). Similarly, the six month period in which a putative father must file a suit for disavowal of paternity to defeat the presumption of his paternity was held to be peremptive. Pounds v. Schori, 377 So.2d 1195 (La.1979).
[11] In Succession of Pizzillo and Pounds v. Schori, there was public interest in dispelling doubts as to legitimacy which demanded the establishment of short peremptive periods.
[12] Interestingly, La.Civ.Code art. 1762 speaks of prescription extinguishing a civil obligation.
[13] For purposes of this opinion and our ruling on the merit of the exception of prescription which was maintained below, we assume that the Doctor's Memorial Hospital and Dr. Morgan are both negligent and thus solidary obligors. Needless to say, the negligence of each remains to be proved in the district court. Should plaintiff fail to prove negligence on the part of the hospital, a peremptory exception of prescription, which can be filed at any time (La.Code Civ.Pro. art. 928B), should be maintained.