842 So.2d 346 (2003)
STATE of Louisiana BOARD OF ETHICS
v.
Corbett OURSO, Jr.
No. 2002-C-1978.
Supreme Court of Louisiana.
April 9, 2003.
*347 R. Gray Sexton, Maris L. McCrory, Baton Rouge, for Applicant.
John O. Braud, Independence, for Respondent.
VICTORY, J.
We granted a writ in this case to determine whether the time period found in La. R.S. 18:1511.11 for filing actions under the Campaign Finance Disclosure Act, La. R.S. 18:1481 et seq. (the "CFDA"), is prescriptive or peremptive. Because we find that the time period is prescriptive, we reverse the judgments of the lower courts and remand the matter to the trial court for further proceedings.

FACTS AND PROCEDURAL HISTORY
During the October 3, 1998, primary and November 3, 1998, general elections, Corbett Ourso, Jr. ("Ourso"), a candidate for District Court Judge, 21st Judicial District, Division G, filed campaign finance disclosure reports as required by the CFDA. Believing that these reports evidenced his receipt of loans in excess of the contribution limits established in La. R.S. 18:1505.2(H), the Board of Ethics (the "Board") ordered an investigation into these apparent violations. After reviewing a proposed consent opinion, Ourso requested an appearance before the Board, which was scheduled for July 15, 1999, and then rescheduled for August 19, 1999. The Board then gave him ten days to accept the consent opinion offer or suit would be filed against him to collect civil penalties. Thereafter, the time limit was extended until September 6, 1999, and on September 3, 1999, Ourso suggested changes to the opinion and again requested an appearance before the Board. At Ourso's request, on September 22, 1999, the Board forwarded a waiver of prescription to Ourso to allow him the opportunity to appear before the Board at its October 14, 1999, meeting. The waiver provided as follows:
I, Corbett Ourso, Jr., do hereby acknowledge the following:
*my campaign for the October 1998 primary election has been subject to investigation by the Board of Ethics, acting as the Supervisory Committee on Campaign Finance, for the possible receipt of excessive loans;
*the Board of Ethics may take enforcement action for this alleged violation by virtue of the filing of a civil lawsuit for penalties;
*I have been offered the opportunity to enter into a consent agreement with the Board concerning the alleged violation;
*I have asked the staff of the Board for the opportunity to appear before the Board at its October 14, 1999 meeting in *348 order to request that any consent opinion reached allow me to seek judicial review of that opinion; and
*I understand that the staff of the Board is opposed to allowing judicial review of the consent opinion.
In consideration of the foregoing, and to preserve my opportunity to appear before the Board at its October 14, 1999 meeting, I do hereby agree to renounce, waive, and abandon any defense related to prescription or limitation of actions, particularly as to the provisions of R.S. 18:1500.11, that may have already accrued or which may accrue before November 19, 1999. (Emphasis added.)
On September 28, 1999, Ourso signed the document and on October 14, 1999, he appeared before the Board. The Board then gave Ourso until October 29, 1999, to accept or reject the consent offer. On November 11, 1999, Ourso informed the Board by telephone that he would not accept the consent offer and was notified that the Board would file suit by November 19, 1999.
On November 19, 1999, the Board filed suit against Ourso in the 21st Judicial District Court to collect civil penalties based on Ourso's alleged receipt of loans in excess of his contribution limits under the CFDA. Trial was conducted on April 20, 2000, and the matter was taken under advisement. On June 13, 2000, Ourso filed a "Peremptory Exception Raising the Objections of: Peremption and Prescription with Incorporated Memorandum." On February 21, 2001, the trial court heard argument and found the exception of peremption to be of merit and dismissed the Board's petition. The First Circuit Court of Appeal affirmed. State Bd. of Ethics v. Ourso, 01-1417 (La.App. 1 Cir. 6/21/02), 838 So.2d 792. We granted the Board's writ to determine whether La. R.S. 18:1511.11, which provides the time period in which an action under the CFDA must be filed, is prescriptive or peremptive. State Bd. of Ethics v. Ourso, 02-1978 (La.10/14/02), 827 So.2d 410.

DISCUSSION
La. R.S. 18:1511.11 contains the limitation of actions period for all CFDA enforcement actions, providing as follows:
B. Actions for violation of this Chapter must be commenced before three years have elapsed from the date of the violation or, if the violation is contained in a report, before one year has elapsed from filing of the relevant report.
At issue in this case is the one-year period, because the alleged violations, the receipt of loans in excess of the contribution limits, were disclosed in reports filed with the Board.[1] The reports were filed on various dates, all before November 19, 1998. Therefore, in the absence of a waiver of prescription by Ourso, the Board's case against him would have prescribed because more than one year had elapsed since the filing of the reports on which the violations were based. In the waiver, Ourso clearly agreed to "renounce, waive, and abandon any defense related to prescription or limitation of actions, particularly as to the provisions of R.S. 18:1500.11, that may *349 have already accrued or which may accrue before November 19, 1999."
Ourso argued, and the lower courts agreed, that the time period in La. R.S. 18:1511.11 is peremptive and that as such, it cannot be "renounced, interrupted, or suspended" under La. C.C. Art. 3461. The Board argues that the time period is prescriptive, and prescription may be renounced, La. C.C. arts. 3449-51, interrupted, La. C.C. arts. 3462-66, and suspended, La. C.C. arts. 3467-72. The court of appeal found that "considering the plain language of the statute, the clear legislative intent and public policy considerations on which this statute was based, we conclude that the time period set forth in La. R.S. 18:1511.11 is peremptive." We disagree.
This Court recently discussed the difference between peremption and prescription:
Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La. Civ.Code art. 1762(1)); peremption, however, extinguishes or destroys the right (La. Civ. Code Art. 3458). Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable. As an inchoate right, prescription, on the other hand may be renounced, interrupted, or suspended; and contra non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues.
Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1298 (citing Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 723 (La.1986)).
Because the Civil Code gives no guidance on how to determine whether a particular time limitation is prescriptive or peremptive, "this court has resorted to an exploration of the legislative intent and public policy underlying a particular time limitation, for it is primarily whether the legislature intended a particular time period to be prescriptive or peremptive that is the deciding factor in such a case." State of Louisiana, Division of Administration v. McInnis Bros. Constr., 97-0742 (La.10/21/97), 701 So.2d 937, 940 (emphasis added). Thus, courts look to the language of the statute, the purpose behind the statute, and the public policy mitigating for or against suspension, interruption or renunciation of that time limit. See id. at 946 ("Considering the plain, explicit language of the statute, the obvious purpose behind the statute, and the readily apparent public policy which mitigates against suspension, interruption or renunciation of that time limit and in favor of certainty in the termination of causes of action," La. R.S. 38:2189 establishes a peremptive time period.)
There is no language in La. R.S. 18:1511.11(B) which indicates the legislature's intent that the time period is peremptive, and we have held that it is unnecessary for the legislature to state in a statute that it is peremptive in order for this Court to hold that it is in fact peremptive. See id. at 947. But, in some other cases where this Court has found a time period to be peremptive, specific language in the statute clearly indicated the legislature's intent in that regard. See, e.g., Reeder, supra (La. R.S. 9:5605 expressly stated that the period is "peremptive" and "in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended"); Metropolitan Erection *350 Co., Inc. v. Landis Const. Co., 627 So.2d 144 (La.1993) (La. R.S. 9:4813(E) provided that the surety's liability was extinguished unless the claim is filed within one year).
The legislature did, however, clearly state its intent in Acts 1997, No. 286, § 1, which reenacted and amended La. R.S. 18:1511.11(B). Prior to 1997, there was a time limitation of one year from the date of the violation for the Board to file suit under the CFDA. Former Representative David Vitter presented House Bill No. 1549, which ultimately extended the period to one year from the date of the report containing a violation, or three years from the date of the violation. Vitter explained that the Board had requested him to file the bill because the prior "prescriptive period of one year for prosecution from the date of the violation often makes it impossible to prosecute." Minutes of Meeting, 1997 Regular Session, April 24, 1997, Committee on House and Governmental Affairs.
Thus, La. R.S. 18:1511.11(B) was amended and reenacted by Acts 1997, No. 286, § 1, with the following intent:
To amend and reenact R.S. 18:1511.11(B), relative to the Campaign Finance Disclosure Act; to change the prescriptive period for instituting actions for violations of campaign finance laws; to provide that actions for violations, except those contained in a report must be commenced within three years from the date of the violation; to provide that actions for violations contained in a report must be commenced within one year after filing of the relevant report; and to provide for related matters. (Emphasis added).
In Hebert v. Doctors Memorial Hospital, supra, this Court considered whether the limitations period in La. R.S. 9:5628,[2] the medical malpractice act, was prescriptive or peremptive. The Court noted that 1975 La. Acts No. 808, § 1 was entitled:

AN ACT
To amend Code Title XXIII of Title 9 of the Louisiana Revised Statutes of 1950 by adding thereto a new Section to be designated as Section 5628, to provide for a maximum prescriptive period and abandonment with respect to medical malpractice claims. (Emphasis added).
486 So.2d at 721.
In finding the statute to be prescriptive, the Court stated:
Of significance is the title to 1975 La. Acts No. 808, § 1, which enacted La. Rev.Stat. § 9:5628. As recited earlier in this opinion, it states that the purpose of the act is to establish a new section to provide for a "maximum prescriptive period" with regard to medical malpractice claims. The Fourth Circuit Court of Appeal majority pointed out in Chalstrom v. Desselles, 433 So.2d 866, 868 (La.App. 4 Cir.1983) that to be constitutional, a bill enacted into law must contain a title indicative of its object. La. Const. Art. III, § 15(A). Weight must clearly be given to this statement of the act's object in determining the Legislature's *351 intent in passing this statute. And, it is the legislative purpose sought to be achieved by a particular limitation period which has been found to be one of the most significant factors in distinguishing peremption from prescription. Pounds v. Schori, 377 So.2d at 1199-1200 (1979).
Id. at 724. The Court further found that "had the Legislature meant it to be peremption they could have so entitled the act rather than calling it `a prescriptive period.'" Id.
We recognize that while "the presence or absence of certain words may be beneficial to a court in its inquiry into the legislature's intent, [and that] the use or nonuse of certain words, while relevant, should not be determinative factor in the analysis," McInnis, supra at 942, just as in Hebert, we find it significant that the legislature labeled it a prescriptive period in Acts 1997, No. 286, § 1, when they could have called it a peremptive period if that was their intent.
Next, we look to the purpose behind the statute. For in McInnis, we held that while "some weight" should be given to the use of the term "prescription" in the body or title of a statute, "it is the legislative purpose sought to be achieved by a particular limitation which is the most significant and determinative factor in distinguishing a peremptive statute from a prescriptive one." McInnis, supra at 946 n. 8.
In La. R.S. 18:1482, the legislature enunciated its purpose as follows:

Statement of purpose
The legislature recognizes that the effectiveness of representative government is dependent upon a knowledgeable electorate and the confidence of the electorate in their elected public officials. The legislature, therefore, enacts this Chapter to provide public disclosure of the financing of election campaigns and to regulate certain campaign practices.
The court of appeal made the following finding with regard to this stated purpose:
The timeliness of actions against public officials is critical to the goal of maintaining an effective representative government based on a knowledgeable electorate. An extension of the delay for instituting actions under this legislation would hinder or defeat this goal. Therefore, the intent of the legislature, as well as public policy, dictate a conclusion that the statute is peremptive rather than prescriptive.
State Bd. of Ethics v. Ourso, supra at 3, 838 So.2d 792. We disagree. As stated by Judge Whipple in her dissent:
The conclusion that the time period contained in R.S. 18:1511 is preemptive (sic) not only frustrates the public policy behind the CFDA, but also adversely affects candidates and elected officials subject to the restrictions contained in the CFDA. If faced with a short peremptive period, the Board would have no choice but to hurriedly investigate alleged violations of the CFDA, which often times are prompted by political adversaries of the candidate or elected official, and file a civil suit against the candidate or elected official alleging various violations of the CFDA.
Id. at 5, 838 So.2d 792. An interpretation that the statute is peremptive would also restrict the Board's ability to offer a candidate the chance to resolve his violations through a consent opinion, which the Board stated at oral argument is how the vast majority of CFDA violations are handled. A peremptive period would also restrict the candidate's ability to meaningfully consider a consent opinion and his chances to present his side of the story to the Board.
*352 Further, public policy weighs in favor of finding that the time period is prescriptive as the enforcement provisions of the CFDA are designed to protect the public. Allowing such actions to be extinguished by the passage of a year would only serve to hinder the legislature's stated policy of providing public disclosure and regulating campaign practices. Candidates could conceivably take advantage of delay tactics, including failing to turn over campaign materials during an investigation or seeking to present arguments directly to the Board, in order to claim that any enforcement action by the Board has been lost. This would only serve to diminish the public's confidence in its elected officials, something the CFDA is specifically designed to prevent.
Finally, this statute does not contain another characteristic that this court has historically found to be relevant in determining whether a time limitation is prescriptive or peremptive, that is, the statute, La. R.S. 18.1511, does not create the right of action and also stipulate the time within which the right may be executed. See McInnis Bros. Const., supra at 941; Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900).[3]

CONCLUSION
Thus, considering the explicit language of the statute contained in the Act, the stated purpose behind the statute, the public policy which mitigates in favor of renunciation of that time limit by the candidate, and the absence of any other characteristics that would tend to indicate that the legislature intended the statute to be peremptive, we conclude that La. R.S. 18:1511.11 establishes a prescriptive time limitation. As the time period is prescriptive, it can be renounced. Ourso's argument that, even if the statute is prescriptive, some or all of the claims against him have prescribed in spite of his waiver may be considered by the trial court on remand.

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed and the case is remanded to the trial court for *353 further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Ourso argues that even if this period is prescriptive rather than peremptive, the Board's action has prescribed. First, he argues that he only agreed to waive prescription "that may have accrued or which may accrue before November 19, 1999," and that, because the Board did not file its action until November 19,1999 and not before, the action is prescribed. Secondly, he argues that at the time the waiver was presented to him, more than a year had elapsed since the filing of the reports setting forth six of the eight alleged violations, and therefore, any claims relating to those six violations have prescribed. These issues can be considered by the trial court on remand.
[2] La. R.S. 9:5628 provides in part:

A. No action for damages for injury or death against any physician, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
[3] The court of appeal in the case sub judice found that the CFDA, which was enacted by Acts 1980, No. 786, effective January 1, 1981, set forth both the right of action and stipulates the delay during which the right must be exercised, therefore meeting this characteristic. State Bd. of Ethics v. Ourso, supra, 01-1417 at p. 3, 838 So.2d 792. However, such reasoning is erroneous.

The provision at issue, La. R.S. 18:1511.11(B), merely creates the time period within which the Board has to file an enforcement action. The actual statute violated and the source of the Board's right to file an enforcement action are found in La. R.S. 18:1505.2(H) and (J). Section H provides the contribution limits, and Section J provides the penalties for a violation of Section H and the Board's authority to file civil suit to collect penalties for the violation. These statutes are contained in Part V entitled "Prohibited Practices and Limitations; Penalties," completely separate from La. R.S. 18:1511.11(B) containing the limitation of actions provision, which is found in Part VI, entitled "Enforcement." In fact, La. R.S. 18:1511.11(B) was originally enacted in 1980, and then amended and reenacted in 1997, but the contribution limits and enforcement authority for those limits in La. R.S. 18:1505.2 were added to the CFDA in 1988.
In Hebert, we noted that peremption statues generally create the right of action and stipulate the delay during which the right may be exercised. There we found that, although La. R.S. 9:5628 created the delay, the right of action long preceded 9:5628. Hebert, supra, 486 So.2d at 721.
Finally, in Hebert, we noted that "other factors suggestive of a peremptive period are the existence of a claim of a public law nature, and a period of less than one year...." Id. While a claim under the CFDA might be characterized as a claim of a public law nature, the period involved here is not less than one year.