879 So.2d 741 (2004)
John RANDAZZO
v.
STATE of Louisiana, LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, Health Care Services Division, Earl K. Long Medical Center, Chapman Lee, M.D., Richard Hodges, M.D. and Lane Moore, M.D.
No. 2003 CA 1470.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
David Abboud Thomas, Baton Rouge, Counsel for Plaintiff/Appellant John Randazzo.
Carey Rauhman Holliday, Baton Rouge, Counsel for Defendants/Appellees Earl K. Long Medical Center, et al.
Before: WHIPPLE, KUHN, and McDONALD, JJ.
KUHN, J.
Claimant, John Randazzo, filed a complaint against defendants, Earl K. Long Medical Center, Richard Hodges, M.D., Lane Moore, M.D., and Chapman Lee, M.D. (jointly referred to as the State defendants), pursuant to Louisiana Revised Statutes 40:1299.39 et seq., governing malpractice liability for state services.[1] Pursuant to his complaint, Randazzo requested that a medical review panel be convened to review and render an opinion on the treatment rendered to him by the State defendants. In response, the State defendants filed a peremptory exception *742 raising the objection of prescription based on the provisions of Louisiana Revised Statutes 9:5628.[2] After trial of the exception, the trial court sustained the exception, effectively dissolving the medical review panel proceeding pursuant to Louisiana Revised Statute 40:1299.39.1 B(2)(b). Randazzo has appealed, and we affirm the trial court's judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND
On November 15, 2002, Randazzo filed a request with the Commissioner of Administration to invoke a medical review panel regarding the alleged malpractice of the State defendants. Randazzo's letter of complaint alleged that he had emergency surgery in 1985 at Our Lady of the Lake Regional Medical Center. Following this surgery, he used a colostomy bag for several years. Other than being required to wear the colostomy bag, Randazzo had no physical problems or symptoms until 1993. He alleges that upon experiencing problems with blood in his urine, he went to Earl K. Long Medical Center during January 1993.
At the trial of the exception, the parties agreed to the following pertinent facts: 1) In February 1993, John Randazzo was operated on at Earl K. Long Hospital to reverse the colostomy; 2) After the surgical procedure, he recovered; 3) Following his recovery and until September 2002, Randazzo had no physical problems or symptoms related to his 1985 injury, his 1985 surgical procedures, or his 1993 surgery; 4) In August and September 2002, Randazzo began to experience a "severe, stabbing like pain in the area of his rear `tailbone' or coccyx" and this was "the first time he had ever experienced such a sharp and severe pain in [that] location"; 5) Randazzo's pain was so severe that he went to the Earl K. Long Hospital emergency room on September 1, 2002; 6) An x-ray examination revealed that a pair of forceps was inside Randazzo's body cavity and a surgical procedure was performed in December 2002 to remove the forceps; 7) The forceps removed from Randazzo's body cavity have the initials "EKL" stamped on them; and 8) Following the 1985 surgical procedures until the 1993 surgical procedure, and then following the 1993 surgical procedure until December 2002, Randazzo had no other surgeries performed involving access to the area of his body where the forceps were found.
Opposing the exception of the State defendants, Randazzo acknowledged that Louisiana Revised Statutes 9:5628 establishes the applicable prescriptive periods governing his claim. He argued, however, that the trial court should "carve out a foreign object exception" to the three-year prescriptive period addressed therein. In oral reasons for judgment, the trial court acknowledged that Randazzo had no apparent way of knowing that the surgical forceps had been left inside of him during the 1993 surgery and that Randazzo did not actually discover its presence until several years later. Although the trial court recognized the unfairness of the situation presented, the trial court rejected Randazzo's argument that an exception could be created, citing In re Medical Review Panel for the Claim of Moses, 00-2643 *743 (La.5/25/01), 788 So.2d 1173, and Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986).
On appeal, Randazzo also urges this court to make a "bold move" by finding that there exists a "foreign body" exception to the 3-year tolling requirement of Louisiana Revised Statutes 9:5628. Randazzo's only assignment of error is that the trial court committed legal error when it incorrectly held that Louisiana Revised Statutes 9:5628 is a peremptive statute rather than a prescriptive statute.

II. ANALYSIS
Generally, the party pleading prescription bears the burden of proving the claim has prescribed. But when a claim has prescribed on its face, the burden shifts to the claimant to demonstrate prescription was suspended or interrupted. See In re Medical Review Panel for the Claim of Moses, 00-2643 at p. 6, 788 So.2d at 1177-1178.
Louisiana Revised Statutes 9:5628 addressing actions for medical malpractice provides, in pertinent part:
A. No action for damages for injury or death against any physician ... [or] hospital... as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
Since the alleged act of malpractice attributable to the State defendants occurred in February 1993, Randazzo's claim against these defendants prescribed on its face during February 1996, and Randazzo has the burden of establishing otherwise. On appeal, Randazzo urges that we conclude that Louisiana Revised Statutes 9:5628 sets forth a three-year prescriptive period that was suspended from the time of the act of malpractice in 1993 until Randazzo's discovery of the forceps in September 2002.
As urged by Randazzo, the three-year limitation set forth in Louisiana Revised Statutes 9:5628 is prescriptive rather than peremptive. David v. Our Lady of the Lake Hosp., Inc., 02-2675, p. 1, n. 1 (La.7/02/03), 849 So.2d 38, 41, n. 1 and Perritt v. Dona, 02-2601, p. 15 (La.7/2/03), 849 So.2d 56, 66, citing Hebert v. Doctors Memorial Hospital, 486 So.2d at 724, reaff'd in State Board of Ethics v. Ourso, 02-1978, pp. 6-7 (La.4/9/03), 842 So.2d 346, 350-351.[3] However, that classification alone does not warrant a ruling in Randazzo's favor because Louisiana Revised Statutes 9:5628 has also been interpreted as imposing a bar to claims that are asserted more than three years after the occurrence of an alleged act, omission or neglect. In the case of In re Medical Review Panel for the Claim of Moses, the Supreme Court rejected a medical malpractice claim that was based on the concept of continuing tort and was brought more than three years after the alleged negligent act had *744 transpired. The Supreme Court interpreted the "tripartite prescription provision" of Louisiana Revised Statute 9:5628 as a three-year cutoff to such claims, stating:
First, a one-year prescription period (which parallels the general tort period) is the general rule, which applies to all types of medical malpractice actions. Under this general rule, such actions prescribe one year from the date of the alleged act, omission or neglect. This rule applies when the damages are immediately apparent.
Second, in cases involving damages that are not immediately apparent, a discovery exception to the general rule is codified. The discovery exception embodied in Section 5628 is a codification of the fourth category of contra non valentem for cases in which the cause of action is not immediately knowable. Under this discovery rule, such actions prescribe one year from the date of discovery of the alleged act, omission or neglect.
Third, an overall limitation is placed on cases otherwise falling within the discovery rule. That overall limitation is the underscored portion of Section 5628, which provides that "in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect." La.Rev.Stat. 9:5628 (emphasis supplied). Translated, this means ... "the contra non valentem type of exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the alleged injury causing act, omission or neglect." Boutte v. Jefferson Parish Hospital Service District No. 1, 99-2402 at p. 5 (La.4/11/00), 759 So.2d 45, 49. "Superimposed upon [the discovery rule], however, is an overall limitation upon the discovery rule's operation to a period of three years from the date of the alleged act, omission or neglect." Branch v. Willis-Knighton Medical Center, 92-3086 at p. 17 (La.4/28/94), 636 So.2d 211, 216.
Summarizing, Section 5628 is a hybrid statute, providing both a one-year prescriptive period, including an incorporation of the discovery rule, and a three-year repose period; the latter repose rule acts to cut off the discovery rule incorporated into the former prescriptive period. This type of hybrid statute "not only limits the time following discovery during which the plaintiff must institute his action, but also sets an outer or overall limitation, one based on the length of the period following the negligent act, beyond which the action is barred, regardless of subsequent discovery." 1 David W. Louissell & Harold Williams, Medical Malpractice ¶ 13.02[2][b] at 13-40 (1999) (citing Louisiana's overall limit of three years); Benge v. Davis, 553 A.2d 1180 (Del.1989) (describing similar hybrid statute as codifying the "inherently unknowable" injury rule known as the "time of discovery rule," and limiting it to a finite three-year period). The repose rule functions as "a counter rule to the accrual-discovery rule by adding an alternative prescriptive period which begins running at the time of the defendant's act rather than at the time harm was inflicted or discovered." 1 Dan B. Dobbs, The Law of Torts § 219 at 557 (2001) (citing Branch, supra). Under Section 5628 this means that plaintiff gets the benefit of the discovery rule, but only during the first three years following the alleged act of malpractice.
2000-2643 at pp. 7-10, 788 So.2d at 1178-1180 (footnote omitted).
Additionally, the Moses Court noted that our state legislature has not carved out an *745 exception from the applicable three-year prescriptive period in cases involving the delayed discovery of foreign objects:
By statute, however, the Legislatures in many jurisdictions, including Louisiana, have placed overall limitations for asserting a claim based on such discovery rule. "These statutes of repose run from the specific date of occurrence and serve to limit the concept of continuing injury." [Susan S. Septimus, The Concept of Continuous Tort as Applied to Medical Malpractice: Sleeping Beauty for Plaintiff, Slumbering Beast for Defendant, 22 Tort & Ins. L.J. 71,] 78 emphasis supplied). Such repose rules serve to set a fixed time period, three years in Louisiana, after which a plaintiff's right to be compensated for such not immediately knowable injuries is cut off. By their nature, statutes of repose "reimpose on some plaintiffs the hardship of having a claim extinguished before it is discovered, or perhaps before it even exists." W. Page Keeton, et al., Prosser and Keeton on Torts § 30 at 168 (5th ed.1984). This is especially so with foreign objects. While some state legislatures have carved out an express discovery rule exception for foreign objects, the Louisiana Legislature has not.
In re Medical Review Panel for Claim of Moses, 00-2643 at pp. 14-15, 788 So.2d at 1182.
While the Moses court recognized the obvious harshness of this legislation (In re Medical Review Panel for Claim of Moses, 00-2643 at p. 5, 788 So.2d at 1177), the Supreme Court has also referenced the purported reason for its enactment. The Hebert court noted:
This legislative limitation to a maximum of three years on the application of the discovery rule for a tort action involving medical malpractice ... was purportedly a response to the problem of sharp increases in medical malpractice insurance rates.... It was believed that lengthy periods for filing suit brought about by the discovery rule (a mechanism by which the statute of limitations commenced running only upon discovery of an injury rather than upon perpetration of the tort) had contributed to the increasing number of malpractice claims and that, if the number of suits brought were restricted, insurance risks would be reduced and rates would decline.
Hebert v. Doctors Memorial Hospital, 486 So.2d at 722, n. 9.
Addressing the present case, we are constrained by the applicable statutory law, and the jurisprudence interpreting it, to find that Randazzo has failed to establish that prescription was suspended or interrupted as to his claim against the State defendants. Applying Louisiana Revised Statutes 9:5628, Randazzo's claim prescribed in February 1996, three years after the surgical procedure during which the forceps were allegedly left behind and more than six years before Randazzo ever experienced difficulty arising from the forceps. We acknowledge that the result reached in this case is extremely inequitable to Randazzo, but we are bound to apply the law as written by the legislature. The inequity that arises from application of this statutory provision is a matter that can be addressed only by the legislature. See David v. Our Lady of the Lake Hospital, Inc., 02-2675 at p. 14, 849 So.2d at 48, quoting a portion of Justice Knoll's dissenting language in Williams v. Jackson Parish Hosp., 00-3170, pp. 2-4 (La.10/16/01), 798 So.2d 921, 935-936, wherein she stated, "La.Rev.Stat. Ann. 9:5628 is a far-reaching statute. However harsh the application of La.Rev.Stat. Ann. 9:5628, mincing words and linguistic gymnastics should not be utilized to disregard the statutory language. Rather, litigants *746 should seek redress from the Legislature to change the law."

III. CONCLUSION
For these reasons, we are compelled to affirm the trial court's judgment and to assess appeal costs against claimant-appellant, John Randazzo.
AFFIRMED.
NOTES
[1] Randazzo's complaint also named Karl A. LeBlanc, M.D., Vincent Russo, M.D., and Our Lady of the Lake Regional Medical Center as defendants and sought review pursuant to Louisiana Revised Statutes 40:1299.41, et seq. These defendants are not involved in this appeal.
[2] Such procedure is authorized by Louisiana Revised Statutes 40:1299.39.1 B(2)(a), which provides, "The state or a person, against whom a claim has been filed under the provisions of this Part, may raise any exceptions or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the state medical review panel." Louisiana Revised Statutes 40:1299.39.1 B(2)(b) further provides, "If the court finds that the claim had prescribed or otherwise was perempted prior to being filed, the panel, if established, shall be dissolved."
[3] In Hebert v. Doctors Memorial Hosp., 486 So.2d 717, the Supreme Court found that a suit timely filed against a purported solidary obligor interrupted the prescriptive period set forth in Louisiana Revised Statutes 9:5628. Thus, plaintiffs' suit against a defendant hospital that was pending when the petition was amended to name a defendant physician interrupted prescription as to the latter claim. Hebert v. Doctors Memorial Hosp., 486 So.2d at 725.