GUIDRY, Justice,
dissents and assigns reasons.
LFor the following reasons, I conclude that the institution of the class action suits in Buxton v. Louisiana Citizens Property Ins. Co, 06-8341, Civil District Court, Parish of Orleans and Chalona v. Louisiana Citizens Property Insurance Corporation, 08-0257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494 did not interrupt or suspend the contractual limitation for the filing of the plaintiffs’ suit.
La. C.C.P. art. 596 clearly provides the filing of a class action suit operates only to suspend liberative prescription, which is a period-of time fixed by law for the exercise of a right. State, through Dept. of Corrections v. McInnis Bros. Constr., 97-0742, p. 2 (La.10/21/97), 701 So.2d 939, 940. The liberative prescriptive period for a contract action is ten years. La. C.C. art. 3499. Nonetheless, the law permits the parties to contractually agree to a shorter period of time of not less than twelve months to institute suit. La. R.S. 22:629(A)(3) (2005), re-codified in 2009 as La. R.S. 22:868. In the instant insurance matter, the parties contracted for a one-year limitation for the filing of suit. It is undisputed a contractual limitation is peremptive in nature and thereby not susceptible to suspension or interruption. Hebert v. Doctors Memorial Hosp., 486 So.2d 717, 723 (La.1986) (“[Njothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there 12provision for its renunciation.”). Since La. C.C.P. art. 596 does not reference the suspension of contractual limitations, it becomes inapplicable under the facts.
Moreover, the agreed term for a one-year deadline for the institution of suit was *748 binding between the parties and has the effect of law. La. C.C. art. 1983. This term was extended for an additional one year through Acts 789 and 802 by the Louisiana Legislature following Hurricanes Katrina and Rita. However, this Court concluded the limited impairment of the parties’ right to contract was reasonable given the need to protect the interests of Louisiana citizens in the aftermath of the destruction left in the wake of the storms. State v. All Property and Casualty Insurance Carriers, 06-2030 (La.8/25/06), 937 So.2d 313. Notwithstanding, to allow the parties’ contract rights to be further impaired is violative of both federal and state law. U.S. Const. Art. I, § 10, cl. 1; LSA Const. Art. I, § 23.
Accordingly, I respectfully dissent.