United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 04-30527

_____

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

Plaintiff - Appellant,

versus

WRIGHT INSURANCE AGENCY INC., doing business as Wright & Percy Insurance;
WRIGHT INSURANCE AGENCY LLC; WMS LLC, doing business as Wright & Percy
Insurance

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Middle District of Louisiana

_____

Before JONES, WIENER, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

I.

This is an appeal from the dismissal, on summary judgment, of Travelers Casualty and Surety

Company of America's ("Travelers") suit against Wright and Percy Insurance Agency ("Wright").

Travelers, incorporated in Connecticut, sued Louisiana-based Wright, its agent, for breach of contract

in relation to bonds that Wright issued to a construction company in Baton Rouge, Louisiana.  The

bonds were issued to remove a lien that an engineering company had filed for unpaid services

connected to work it performed on a Baton Rouge construction site. The breach centered around nine signatures that Wright failed to obtain for the bond documents but were nevertheless required pursuant to Wright's power of attorney agreement with Travelers. Travelers, aware of the breach no later than March 2001, brought this lawsuit in April 2003. The district court dismissed the case with prejudice because it was filed outside of Louisiana's statutory peremptive period. Travelers timely appeals.

## II.

Travelers first argues that Louisiana limitations law is not controlling. Travelers instead asks this Court to apply Connecticut's six-year statutory period for general contract claims. *See* CONN. GEN. STAT. ANN. § 52-576(a) (providing for the six-year period). Connecticut's law is not specifically tailored to insurance companies. *Id.* The district court's rejection of Connecticut law is a decision that this Court reviews *de novo. Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004).

A federal court, sitting in diversity, applies the choice of law rules from the forum state—here, Louisiana. *Id.* Article 3537 of the Louisiana Civil Code provides the choice of law provisions where, as here, the issue is breach of contract:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

LA. CIV. CODE ANN. art. 3537 (West 2004). This article creates, broadly, a two-step inquiry.

*Roberts v. Energy Dev. Corp.*, 235 F.3d 935, 939 (5th Cir. 2000). The court must determine the relevant policies at issue, and then balance those policies to find which state's interests are most harmed in light of the facts surrounding the case. *Id.*

Under article 3537's framework, Louisiana law applies. First, Louisiana has a strong public policy interest with this type of suit: in passing § 9:5606 (discussed below), Louisiana has evinced a desire to regulate the insurance industry with respect to tort and contract lawsuits. No comparable Connecticut provision exists. Second, the facts found by the district court strongly militate towards the application of Louisiana law: the contract was entered into in order to allow a Louisiana business to sell insurance to Louisiana customers, the contract was executed in Louisiana, the circumstances surrounding the breach took place in Louisiana, and "virtually" all communication between Wright and Travelers over the bonds occurred within Louisiana. The only factual connection to Connecticut is that Travelers is a Connecticut corporation. Where the weight of the relevant facts and incidents took place in Louisiana, and the state has strong public policies in enforcing its laws, this Court must apply Louisiana law. *See*, *e.g.*, *Harrison v. R.R. Morrison & Son, Inc.*, 862 So. 2d 1065, 1069–71 (La. Ct. App. 2003).

III.

Having determined that Louisiana law applies, we examine whether the district court erred in dismissing Travelers' lawsuit. In 1991, the Louisiana legislature enacted section 9:5606 of the Louisiana Revised Statutes, which states, in pertinent part:

(A) No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed

within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

. . .

(D) The one-year *and* three-year periods of limitation provided in Subsection A of this Section *are peremptive periods . . .* [and] may not be renounced, interrupted, or suspended.

LA. REV. STAT. ANN. § 9:5606(A), (D) (West 2004) (emphasis added). "Unless timely exercised," a peremptive right is "extinguished upon the expiration of the peremptive period." LA. CIV. CODE ANN. art. 3561 (West 2004). Peremptive rights are not subject to *contra non velentem*, which otherwise would toll the limitations period until the cause of action is discovered. *Reeder v. North*, 701 So. 2d 1291, 1298 (La. 1997) ("[N]othing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as *contra non valentem* are not applicable.") (quoting *Hebert v. Doctors Mem'l Hosp.*, 486 So. 2d 717, 723 (La. 1986)). The thrust of Travelers' argument on appeal is that the one-year period—the period at issue—is prescriptive, *i.e.*, it may be tolled until the cause of action is discovered by the plaintiff. The legislature has made clear in subpart (D), however, that both the three-year limitation *and* the one-year limitation are considered peremptive, not prescriptive. Thus, the right is triggered when the underlying *act* is discovered, which in this case was no later than March 10, 2001. Travelers had one year from that date to file suit. Because the complaint was not filed until April 2003, the district court properly dismissed Travelers' complaint for being outside of that statutory window.

IV.

The judgment of the district court is AFFIRMED.