I ¡¡GAIDRY, J.
This is an appeal from a trial court judgment sustaining an exception of prescription. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On July 29, 1991, Wendy and Dean Tul-lier signed a promissory note in favor of Tower Credit, Inc. (“Tower”) as co-makers. The Tulliers defaulted on the note, and Tower filed suit against Dean Tullier. This suit sought to enforce both the note on which the Tulliers were co-borrowers and a second note signed only by Dean Tullier.
On August 19, 1993, the Port Allen City Court rendered judgment in favor of Tower and against Dean Tullier. Tower was unable to enforce the judgment against Dean Tullier, and Mr. Tullier ultimately filed for bankruptcy relief on May 18,1995. The United States Bankruptcy Court for the Middle District of Louisiana granted Dean Tullier a discharge on April 15, 1997.
On January 3, 2003, Tower filed suit against Wendy Tullier to enforce the promissory note signed by both Wendy and Dean Tullier. That suit was filed under the same docket number as the previous suit filed against Dean Tullier. Wendy Tullier filed an exception of prescription. During a hearing on the exception of prescription, Tower argued that the suit filed against Dean Tullier interrupted prescription against Wendy Tullier as a solidary obligor and the bankruptcy filed by Dean Tullier did not affect the interruption of prescription. On April 30, 2003, the trial judge sustained the exception of prescription and dismissed Tower’s suit against Wendy Tullier.
[¡¡negated the interruption of prescription created when suit was filed against Dean Tullier. Tower filed this appeal, asserting that the trial court erred in sustaining Wendy Tullier’s exception of prescription and in dismissing its petition, as well as in ruling that the bankruptcy filed by Dean Tullier
*1221 DISCUSSION
Actions on promissory notes, whether negotiable or not, are subject to a libera-tive prescription of five years. This prescription commences to run from the day payment is exigible. La. C.C. art. 3498. The promissory note signed by both Dean and Wendy Tullier states that the parties agree to be bound solidarily. A solidary obligation is one in which each obligor is liable for the whole performance. La. C.C. art. 1794. Prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. The interruption of prescription against one solidary obligor is effective against all solidary obligors. La. C.C. art. 1799. Therefore, Tower’s action in filing suit timely against Dean Tullier interrupted prescription against Wendy Tullier as well.
Tower claims that although more than five years passed between the time payment became exigible and the date suit was filed against Wendy Tullier, the suit was timely because prescription was interrupted by the suit filed against Dean Tullier. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463. The contested issue in this case, therefore, is whether the suit against Dean Tullier was still pending at the time suit was filed against Wendy Tullier.
The trial court was of the opinion that the rendering of the August 19, 1993 judgment against Dean Tullier did not end the suit’s pendency. The court held, however, that the discharge of Dean Tullier by the bankruptcy court definitively ended the suit against him, thereby beginning the running Lof a new prescriptive period against Wendy Tullier. Suit was not filed against Wendy Tullier for more than five years after the discharge was granted to Dean Tullier by the bankruptcy court; therefore the trial court found that the action against Wendy Tullier had prescribed.
While we agree that the action against Wendy Tullier has prescribed, we disagree with the reasoning of the trial court that prescription began to run anew with Dean Tullier’s discharge in bankruptcy. La. C.C. art. 3463 provides that the interruption of prescription continues as long as the suit is pending. The phrase “as long as the suit is pending” which is used in article 3463 was interpreted by the Louisiana Supreme Court in Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986). Citing Black’s Law Dictionary (5th ed.1979) at page 1021, the court found “an action or suit is ‘pending’ from its inception until the rendition of final judgment.” Black’s Law Dictionary defines “pendency” at page 1020, as “the state of an action, etc., after it has begun and before the final disposition of it.” Final disposition connotes a state of affairs “such that nothing further remains to fix the rights and obligations of the parties.” Hebert v. Doctors Memorial Hospital, 486 So.2d at 720. Thus, a suit is no longer pending after final judgment. The judgment rendered in this case became final and prescription ceased to be interrupted when all appeal delays had expired following the August 19, 1993 judgment. Thus, more than five years passed between the time prescription began to run anew and the time suit was filed against Wendy Tullier in January of 2003. Tower’s assignments of error are without merit.
DECREE
For the above reasons, we affirm the April 30, 2003 judgment of the trial court sustaining Wendy Garcia’s exception of prescription and | ^dismissing Tower’s suit. *1222 Costs of this appeal are assessed to Tower Credit, Inc.
AFFIRMED.