# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1020

CAPITOL ANESTHESIA GROUP, P.A.

VERSUS

GUS WATSON

************

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF CATAHOULA, NO. 20,348,
HONORABLE LEO BOOTHE, DISTRICT JUDGE

************

**JIMMIE C. PETERS
JUDGE**

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Walter D. White
Attorney at Law
111 Freestate Blvd., Suite 117
Shreveport, LA 71107
(318) 213-9350
COUNSEL FOR PLAINTIFF/APPELLEE:**
    Capitol Anesthesia Group, P.A.

**Jon Guice
Hammond & Sills
1103 Royal Avenue
Monroe, LA 71201
(318) 324-0101
COUNSEL FOR DEFENDANT/APPELLEE:**
    Gus Watson

**Pamela Bartfay Rice**
**State of Louisiana, Division of Administration,**
**Office of Group Benefits**
**Post Office Box 94095**
**Baton Rouge, LA  70804**
**(225) 219-4616**
**COUNSEL FOR THIRD-PARTY DEFENDANT/APPELLANT:**
     **Louisiana Office of Group Benefits**

PETERS, J.

This is an appeal by the Louisiana Office of Group Benefits (hereinafter "OGB") from the trial court's rejection of its exception of improper venue and its motion to dismiss a third-party demand. For the reasons that follow, we affirm the trial court's judgment.

## DISCUSSION OF THE RECORD

The third-party plaintiff in this litigation, Gus Watson, underwent gastric bypass surgery in October of 1995. At that time, he was an employee of the Catahoula Parish School Board and was covered by a plan of health insurance administered by OGB. Prior to the surgery, he requested that OGB pre-approve the procedure, but OGB declined to do so, taking the position that the procedure was to address an obesity problem not covered by the benefit plan. Despite OGB's position with regard to the payment of benefits, Mr. Watson proceeded with the surgery.

Subsequent to the surgery, various medical providers filed claims with OGB, seeking payment of their claims. OGB refused to pay these claims, relying on its position that its group plan did not cover services, supplies, or treatment in connection with, or related to, obesity.

After having its claim rejected by OGB, one medical provider, Capitol Anesthesia Group, P.A. (Capitol Anesthesia), made demand on Mr. Watson for payment. When Mr. Watson failed to pay the claim, Capitol Anesthesia instituted suit against him, seeking to recover the amount due ($931.00), together with attorney fees, legal interest, and costs of court. Capitol Anesthesia brought this suit in Catahoula Parish, Mr. Watson's domicile, on February 24, 1998.

Mr. Watson answered the suit in March of 1998 and incorporated in his answer a third-party demand against State Employees Group Benefits Program, the

predecessor of OGB.[1]  Over five years later, on May 12, 2003, OGB filed its answer to the third-party demand.[2]

At a May 17, 2004 pretrial conference, the trial court scheduled the trial on the merits for November 15, 2004.  On June 28, 2004, Capitol Anesthesia mailed to the clerk's office a motion and order to dismiss its suit with prejudice.  In the cover letter accompanying the motion and order, Capitol Anesthesia's counsel stated  in part that it had settled with Mr. Watson "as per a compromise settlement paid by Office of Group Benefits."  Although the motion and order reflect a filing date of June 30, 2004, the trial court has yet to execute the order of dismissal contained in the motion to dismiss.  Additionally, the trial court minutes fail to reflect any action by the trial court in open court dismissing Capitol Anesthesia's suit.

This appeal arises from pleadings filed after Capitol Anesthesia filed its motion to dismiss.  On July 1, 2004, Mr. Watson filed a new pleading against OGB which he designated as a First Amended and Restated Third Party Demand.  On August 16, 2004, OGB filed a declinatory exception of improper venue and motion to dismiss Mr. Watson's third-party demand.[3]  The trial court held a hearing on the issues raised by these filings on October 21, 2004, and, after completion of the hearing, the trial court rejected OGB's exception and motion to dismiss the third-party demand.  OGB appealed, asserting the following assignments of error:

---

[1]By legislation in 2001, State Employees Group Benefits Program was reorganized and renamed Office of Group Benefits.

[2]The extensive delay evident throughout these judicial proceedings appears to be the result of a similar delay in administrative proceedings before the OGB in which Mr. Watson sought review of the denial of benefits.  The parties in the trial court and in their briefs before us spend significant time discussing the administrative proceedings, which are irrelevant to this appeal.

[3]A peremptory exception of prescription of Mr. Watson's claim for penalties under La.R.S. 22:657 was filed at the same time, but at the hearing OGB deferred that exception and the court did not rule on it.

I.     The court erred in denying Group Benefits' exception of improper venue because the Code of Civil Procedure provides a specific statute for venue only in East Baton Rouge Parish. Group Benefits timely asserted an exception of improper venue, after the principal demand was compromised.

II.    The trial court erred as a matter of law when it failed to determine that Gus Watson's third party demand against Office of Group Benefits was a claim for indemnity and should be dismissed, due to a settlement which compromised all claims between the plaintiff and the defendant/third party plaintiff.

III.   Alternatively, the trial court erred when it failed to order the transfer of Gus Watson's third party demand and his amended third party demand to East Baton Rouge Parish, where venue is proper.

**OPINION**

In its first assignment of error, OGB asserts that the trial court erred in failing to recognize that venue ceased to be proper in Catahoula Parish when the main demand was compromised. It suggested that the compromise and motion to dismiss triggered the application of La.Code Civ.P. art. 84, which provides in relevant part that "[a]ctions involving the . . . Office of Group Benefits . . . shall be brought in the parish of East Baton Rouge or in the parish of the domicile of the . . . employee benefit program."[4] With regard to the amended third-party demand, OGB asserts that, because the amendment raised new claims and was filed after the motion to dismiss the main demand, proper venue for these new claims is East Baton Rouge Parish.

The second and third assignments of error relate to the trial court's refusal to grant OGB's motion to dismiss or, in the alternative, to transfer the matter to East Baton Rouge Parish. OGB asserts that Mr. Watson's original third-party demand was simply a claim for indemnity and should have been dismissed at the same time as Capitol Anesthesia's principal demand. As in its argument in the venue exception,

_____

[4]It is not disputed that the OGB is domiciled in East Baton Rouge Parish.

OGB asserts that the amended third-party demand attempted to expand the original demand to allow Mr. Watson to recover the unpaid claims of other providers not party plaintiffs in the main demand.

In response to OGB's argument, Mr. Watson asserts that the original pleading was not limited to Capitol Anesthesia's claim and did in fact encompass a claim against OGB for all medical expenses connected to the bypass surgery. He further asserts that he filed the amending petition to furnish more details in accordance with an agreement the parties reached at the pretrial conference. In rendering its decision, the trial court obviously accepted Mr. Watson's position with regard to the nature of the pleadings.

We first note that OGB's argument with respect to all three assignments of error is predicated on the status of Capitol Anesthesia's main demand. Specifically, OGB assumes that the main demand no longer exists. At the same time, OGB recognizes that the main demand has yet to be formally dismissed in that the trial court has not executed the order of dismissal. Still, it argues that, because there is no impediment to the trial court executing the order of dismissal, this court should treat the principal demand as having been dismissed.

We conclude that OGB's position with regard to the status of the principal demand falls for several reasons. First, we cannot determine from the record whether a settlement exists or, if one does exist, whether it was between Capitol Anesthesia and OGB or between Capitol Anesthesia and Mr. Watson.[5] Equally important, the record contains no written compromise agreement, nor does it contain any evidence

_____

[5]Capital Anesthesia filed a brief in this appeal stating that OGB had "paid" its claim. The apparent purpose of the brief was to inform the court that it had no interest in the litigation, that it was not taking sides, and that it desired to be dismissed from the appeal "without prejudice to the remaining litigants."

of a recitation in open court setting forth the compromise. These are the specific formalities mandated by La.Civ.Code art. 3071 for there to have been a transaction or compromise.

Even assuming the existence of a compromise agreement, that in itself might not be enough to put an end to the litigation between Capitol Anesthesia and Mr. Watson. A similar argument was presented in *Hebert v. Doctors Memorial Hospital*, 486 So.2d 717 (La.1986), where it was argued that a release given by the plaintiff to the defendant should be considered as having put an end to the suit. The supreme court disagreed, stating:

> If an executed release is in fact later determined in court to be valid, it is entitled judicially to "a force equal to the authority of things adjudged." La.Civ.Code art. 3078. Held valid in Court, it will thus support a litigant's effort to dismiss a then pending lawsuit, with prejudice. Nonetheless, the mere existence of an instrument purporting to be a valid release can hardly have any bearing on the fact that, until the lawsuit is dismissed, it, the lawsuit, is still *pending*. Surely, until that suit is dismissed, the existence, validity and/or binding nature of the release is subject to judicial scrutiny, and then no doubt in the very same pending lawsuit, one which has yet to be dismissed.

*Id.* at 720-21.

We cannot agree with OGB that, because there exists evidence in the record of a compromise, we can ignore the fact that the principal demand of Capitol Anesthesia has not been dismissed.

We disagree with OGB's argument that we should consider the main demand dismissed because Capitol Anesthesia filed a motion to dismiss its main demand with prejudice. As previously stated, the dismissal of this demand has not yet occurred. With regard to voluntary dismissals, La.Code Civ.P. art. 1671 provides:

> A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the

5

defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

As the official revision comment (d) to this article states, "[t]his article requires an actual judgment of dismissal and thus prohibits independent and unilateral action by the plaintiff." "[A] suit is pending until a final judgment dismissing it has been filed." *Hebert*, 486 So.2d at 721. Because there has been no final judgment dismissing it, the main demand of Capitol Anesthesia against Mr. Watson is still pending.

So sure it is that the main demand is imminently subject to dismissal and lacks only the formality of an order, OGB asks us to exercise our supervisory jurisdiction and order the trial court to dismiss the main demand. However, La.Code Civ.P. art. 1671 does not mandate a dismissal under the pleadings in this case. It simply provides that, if an application to dismiss is made by a plaintiff after any appearance by the defendant, the plaintiff's right to dismiss is absolute only when he moves to dismiss with prejudice *and* provided all costs are paid. In the present case, Capitol Anesthesia's motion asked for a dismissal with prejudice, but it asked also that the defendant, Mr. Watson, be required to pay one-half the costs of the litigation. Louisiana Code of Civil Procedure Article 1671 does not mandate the trial court to enter a judgment of dismissal absent evidence of the payment of all costs. As minor a decision as this might seem to be, the record on appeal contains no evidence confirming Mr. Watson's agreement to pay one-half of the costs such that we could make an independent determination, as envisioned by *Gonzales v. Xerox Corp.*, 320 So.2d 163 (La.1975), and decide the matter.

The dismissal of the principal demand is not a mere formality and requires further adjudicatory proceedings at the trial court level. In our resolution of the issues

6

before us, we are bound by the reality of the still-pending state of the main demand of Capitol Anesthesia against Mr. Watson, and, given the status of the record before us, we conclude that the trial court properly rejected OGB's exception of improper venue. OGB concedes in its brief before us that the principal action in Mr. Watson's home parish of Catahoula was instituted in the proper venue.

> A defendant in an incidental action may plead any of the exceptions available to a defendant in a principal action, and may raise any of the objections enumerated in Articles 925 through 927, *except that an objection of improper venue may not be urged if the principal action has been instituted in the proper venue.*

La.Code Civ.P. art. 1034 (emphasis added).

Because the principal action there remains pending, venue for the third-party demand and incidental action remains proper, and OGB's first assignment of error has no merit. Additionally, our resolution of the venue issue makes it unnecessary for us to consider the remaining assignments of error.

### DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment rejecting the exception of venue and motion to dismiss filed by the Louisiana Office of Group Benefits. We assess the costs of this appeal in the amount of $2,097.10, pursuant to La.R.S. 13:5112, to the Louisiana Office of Group Benefits.

**AFFIRMED**.