STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1277


COMMONWEALTH LAND TITLE INS. CO.

VERSUS

O'NEAL JONES, JR.

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 104,636-A
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*


GLENN B. GREMILLION
JUDGE


\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

AFFIRMED.

Lawrence R. Anderson, Jr.
Seale, Smith, Zuber & Barnette
8550 United Plaza, Suite 200
Baton Rouge, LA 70809
(225) 924-1600
Counsel for Plaintiff/Appellant:
     Commonwealth Land Title Ins. Co.

David J. Ayo
James H. Gibson
Allen & Gooch
P. O. Drawer 3768
Lafayette, LA 70502-3768
(337) 291-1000
Counsel for Defendant/Appellee:
     O'Neal Jones

GREMILLION, Judge.

The plaintiff, Commonwealth Land Title Insurance Company, appeals the trial court's grant of summary judgment in favor of the defendant, O'Neal Jones, Jr., finding that its claims against Jones had been extinguished due to the peremption periods provided by La.R.S. 9:5605 and 9:5606. For the following reasons, we affirm.

## FACTS

On December 9, 2000, Commonwealth and Jones entered into a Title Insurance Agency Agreement whereby Commonwealth appointed Jones as its agent for the issuance of title insurance in Louisiana. On December 28, 2001, Jones closed a loan in the amount of $350,000, between Robert C. Hawkins and his mother, Katherine A. Hawkins, and Universal Lending. Prior to closing the loan, Jones performed a title examination of the subject property used as collateral. The property, located in Baton Rouge, had belonged to Katherine and her husband, Robert's father, who was now deceased. Thus, half of it now belonged to Robert. In performing the title examination, Jones discovered a judgment filed in the East Baton Rouge Parish public records in favor of Kenny St. Romaine d/b/a Pinnacle Warehouse, L.L.C. v. Softex America, Inc., and Robert C. Hawkins, in the amount of $180,000. An affidavit of distinction was not obtained by Jones prior to the loan's closing.

Subsequent to December 28, 2001, St. Romaine seized the property and had it sold pursuant to a sheriff's sale in satisfaction of his judgment against Hawkins' one-half interest in the property. Thereafter, on February 14, 2005, Commonwealth sued Jones based on his failure to properly examine the public

1

records while performing a title search on the property and his failure to discover the preexisting judgment prior to issuing the title policy. In response, Jones filed a peremptory exception of peremption pursuant to La.R.S. 9:5605, pertaining to legal malpractice. At the hearing on the exception, the parties determined that further discovery was required. Thus, the trial court continued the matter to a later date. During the interim, Jones filed a motion for summary judgment. He again alleged peremption pursuant to La.R.S. 9:5605, but further argued that Commonwealth's claims were perempted pursuant to La.R.S. 9:5606, pertaining to professional insurance agents.

Following a hearing on the exception and motion, the trial court took the matter under advisement. Subsequently, it issued reasons for judgment finding that Commonwealth's claims against Jones were perempted pursuant to both La.R.S. 9:5605 and 9:5606. This appeal followed.

**ISSUES**

On appeal, Commonwealth raises five assignments of error. It argues that the trial court erred in considering evidence introduced on the motion for summary judgment in deciding the exception of peremption. It next argues that the trial court erred in finding that Jones was acting as its attorney when he performed the title examination and certified the title, in applying the peremptive period pertaining to insurance agents, and in finding that December 28, 2001, was the date which triggered the three-year peremptive periods. Finally, it argues that the trial court erred in applying the three-year peremptive period as it is suing Jones on an indemnity clause pursuant to its agency agreement.

2

**SUMMARY JUDGMENT**

It is well settled that appellate courts perform a de novo review of the record on the appeal of a trial court's grant of summary judgment. Pursuant to La.Code Civ.P. art. 966(B), summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."

**EVIDENCE**

In its first assignment of error, Commonwealth argues that the trial court erred in considering the evidence attached to Jones' motion for summary judgment in deciding the peremptory exception of peremption. Commonwealth objected to the introduction of the evidence at the hearing. Thus, it claims that as Jones introduced no testimony in support of its exception, the trial court had no proper evidence to consider in reaching its decision. We disagree.

Louisiana Civil Code of Procedure Article 931 provides that evidence may be introduced in support of the peremptory exception when the grounds supporting the exception do not appear on the face of the pleadings. *London Towne Condominium Homeowner's Ass'n v. London Towne Co.*, 06-0401 (La. 10/17/06), 939 So.2d 1227. Furthermore, we find that Commonwealth's argument results in a distinction without a difference, as Jones' summary judgment motion raised the exact same issues as the peremptory exception of peremption, a fact noted by Commonwealth's counsel at the hearing. Accordingly, the trial court did not err in considering the summary judgment evidence in ruling on the peremptory exception

3

of peremption.

## PEREMPTION

In his next assignments of error, Commonwealth argues that the trial court erred in applying the peremptive periods found in La.R.S. 9:5606 and 9:5606 to find that its causes of action against Jones were perempted.

### *Louisiana Revised Statutes 9:5605*

Commonwealth argues that there was no lawyer-client relationship between it and Jones when he issued the title insurance policy, rather, he was acting in his capacity as its title insurance agent. Thus, it claims that La.R.S. 9:5605 does not apply to peremptits action.

Louisiana Revised Statutes 9:5605 provides:

A. No action for damages against any attorney at law duly admitted to practice in this state . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

. . . .

C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.

. . . .

4

E.     The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

Commonwealth and Jones entered into a principal-agent relationship via its December 9, 2000 contract, through which Jones would issue title insurance policies on Commonwealth's behalf. Thus, this strictly speaking was not a lawyer-client relationship. However, the action by Jones of which Commonwealth complains specifically deals with the practice of law in that it complains that he failed in his title examination and certification to discover the preexisting judgment against Robert C. Hawkins. The Louisiana Title Insurance Act, which regulates the title insurance industry in Louisiana, provides: "Examining titles; however, any titled insurance report or title insurance policy relating to immovable property shall be based upon an examination of title conducted only by attorneys duly licensed and authorized to practice law in Louisiana." La.R.S. 22:2092.2(17)(b)(vi).

Louisiana Revised Statutes 22:2092.4 provides:

Subject to the exceptions and restrictions contained in this Part, a title insurer shall have the power to:

. . . .

(3) Perform, or cause to be performed, ancillary activities, unless prohibited by the department, including examining title to and furnishing related information about movable or immovable property and procuring and furnishing information about movable or immovable property and procuring and furnishing information about relevant personal property, whether or not in contemplation of, or in conjunction with, the issuance of a title insurance report or policy; however, any such activities that are defined by R.S. 37:212 as the practice of law shall only be performed by an attorney duly licensed and authorized to practice law in Louisiana.

The practice of law is defined in La.R.S. 37:212. Section B of that statute provides

5

that:

> Nothing in this Section prohibits any person from attending to and caring for his own business, claims, or demands; or from preparing abstracts of title; or from insuring titles to property, movable or immovable, or an interest therein, or a privilege and encumbrance thereon, but every title insurance contract relating to immovable property must be based upon the certification or opinion of a licensed Louisiana attorney authorized to engage in the practice of law. . . .

It is this certification upon which Commonwealth bases its claim. It lists in its petition the following negligent actions of Jones which caused its losses, costs, and/or expenses:

> (a)　Failing to determine from the mortgage records of East Baton Rouge Parish that there was a preexisting and uncancelled Judgment by St. Romaine against Robert Hawkins recorded as an encumbrance against the Property prior to issuance of the Policy;
>
> (b)　Failing to perform a proper title search of the mortgage records of East Baton Rouge Parish in the names of the proposed mortgagors, particularly in the name of Robert Hawkins;
>
> (c)　Failing to properly review the mortgage records of East Baton Rouge Parish to determine the outstanding and uncancelled Judgment in favor of St. Romaine against Robert Hawkins recorded as an encumbrance against the Property;
>
> (d)　Failing to exercise due professional care and skill in connection with issuing the title opinion or certificate of title upon which the Policy was based;
>
> (e)　Abstracting and/or examining the public records of East Baton Rouge Parish for the title to and/or encumbrances against the Property in a negligent manner;
>
> (f)　Failing to list the St. Romaine Judgment as an exception to the title commitment for the Policy as a prior existing and uncancelled encumbrance that needed to be cancelled;
>
> 　. . . .
>
> (h)　Failing to see what should have been seen from documents in the public record[.]

6

All of the above actions arose from Jones' examination and certification of the title at issue. As a title examination and certification can only be done by an attorney licensed to practice law in the state, we find that Commonwealth's claims, as based on the above stated actions, arose from Jones' actions as an attorney. Accordingly, we find that the peremptive period found in La.R.S. 9:5605 would apply to those claims of negligence.

***Louisiana Revised Statutes 9:5606***

Commonwealth further argues that if strictly construed, La.R.S. 9:5606 would not apply in this instance as the statute does not specifically mention title insurance agents. We find no merit in this argument. Louisiana Revised Statutes 9:5606 provides in pertinent part:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> . . . .
>
> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

As title insurance agents must be licensed by the state in order to issue title insurance policies, we find that they fall within the purview of La.R.S. 9:5606. In its petition, Commonwealth claims that Jones was negligent in "[f]ailing to list the

St. Romaine Judgment in the settlement statement and/or pay funds necessary to cancel the St. Romaine Judgment from the closing for the Mortgage on which the Policy was issued." It further argues that he was negligent in failing to "take other timely and appropriate action prior to issuing the policy." As these actions pertain to Jones' duties as a title insurance agent, we find that La.R.S. 9:5606 would apply to Commonwealth's claims against him as pertaining to these actions. Furthermore, we find that La.R.S. 9:5606 applies to all claims brought against Jones, in his capacity as a title insurance agent, even those brought pursuant to an indemnity agreement. Accordingly, this assignment of error is dismissed as being without merit.

## TRIGGERING DATE

In its next assignment of error, Commonwealth argues that the trial court erred in finding that December 28, 2001,was the date which triggered the running of the above stated peremtory periods. It argues that Jones' delivery of the policy to the insured on June 27, 2002, was the triggering date of the peremptory periods, thus, its February 14, 2005 suit was timely filed within the three-year peremptive period.

Although the language in La.R.S. 9:5605 and 9:5606 differs slightly, a cause of action under either statute must be brought within a year of the act which forms the basis of the claim or within a year of the date that the act is discovered or should have been discovered. In all events, a complaining party must file his/her claim within three years of the date of the act.

In the recent case of *Atlas Iron and Metal Co. v. Ashy*, 05-458, pp. 4-5 (La.App. 3 Cir. 1/4/06), 918 So.2d 1205, 1209-10, *writ not considered*, 06-296 (La. 4/28/06); 927 So.2d 276, we stated with regard to the peremptory period found in

8

La.R.S. 9:5605:

> The prescription periods in this statute are peremptory. This means that both the underlying cause of action and the legal right to bring that cause of action dissolve at the end of the specified periods of limitation. There are two ways to start the peremption clock running under La.R.S. 9:5605. The peremption period will begin to run one year from the date when a client knew or should have known about the act, omission, or negligence on the part of his or her attorney that indicates that the client may be a victim of an act of malpractice. *See* La.R.S. 9:5606(A). Additionally, the peremption clock will start running on the date of the act, omission, or negligence that allegedly constitutes malpractice, and will toll three years from that date regardless of whether a client discovered, knew, or should have known about the attorney's alleged malpractice. *Id.* "Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a peremptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. *Reeder v. North*, 97-0239, p. 12 (La. 10/21/1997), 701 So.2d 1291, 1298 (citing *Hebert v. Doctors Mem'l Hosp.*, 486 So.2d 717, 723 (La.1986)).

We further stated (alternation in original):

> The Louisiana Supreme Court has made it clear that a cause of action for legal malpractice can perempt and extinguish even if the client never discovers that cause of action, or the facts never ripen into a justiciable case. *Reeder*, 701 So.2d 1291. "[T]here is no doubt that the Legislature intended that three years after the 'act, omission, or neglect,' the cause of action is extinguished, regardless of when the negligence is discovered and regardless of whether a malpractice action may be brought within that three year period." *Id.* at 1297. Therefore, peremption begins to run when a client knows or should have known of an act, omission, or negligence by their attorney even though the cause of action may not ripen into a justiciable claim until the client experiences some damages. *Id.* If no damages are incurred within three years of the act, omission, or negligence, the cause of action and right of action perempts regardless. *Id.*

*Id.* at 1213.

On December 28, 2001, Jones, on behalf of Commonwealth, issued a Commitment for Title Insurance to Universal Lending in the amount of $350,000, with the property owned by Robert and Katherine used as collateral. The mortgage

on the property was closed that same date, as evidence by the settlement statement attached to the title policy and signed by Robert and Katherine and by Jones. The title policy itself indicates that it became effective on December 28, 2001.

Earle A. Johnson, Jr., a vice president and manager for Louisiana of Commonwealth, a company held by Land America Commonwealth Land Title Insurance Company, testified as to the effective date of the subject title policy. He stated that the policy became effective on December 28, 2001, and that Jones's title examination would have occurred prior to that date.

Jones testified that he performed his title examination on the Hawkins' property shortly before the loan closing on December 28, 2001. During his examination, he stated that he found two judgments against Robert C. Hawkins, the first, #95811225, Capital One v. Robert Hawkins, in the amount of $1600; the second judgment, #9011001, St. Romaine d/b/a Pinnacle Warehouse, L.L.C. v. Softex America, Inc. and Robert C. Hawkins, in the amount of $180,000.

Jones stated that the first judgment was paid off, but that Hawkins assured Universal Lending that the second judgment was not against him. Although he attempted to obtain an affidavit of distinction from St. Romaine, Jones stated that he did not receive one. He further testified that Universal Lending, who exclusively performed the mortgage work for Hawkins' home improvement company, insisted that Hawkins was not involved in the lawsuit and scheduled the loan closing even though it knew that the judgment was not cleared from the title. It was for these reasons that the judgment did not appear on Schedule B of the title policy. Jones testified that he sent a copy of the title policy to the lender sometime after June 27,

10

2002, upon its request.

On Commonwealth's claims against Jones pursuant to La.R.S. 9:5605, we find that its claims were perempted by the three-year period as the act of negligence of which it complains, his examination and certification of the title, occurred shortly before or on December 28, 2001. As this occurred more than three years prior to Commonwealth's filing of its petition on February 14, 2005, we find that its claim has perempted.

With regard to its claims against him as a professional insurance agent, we find that those claims are also perempted. In its petition, Commonwealth claimed that Jones was negligent in failing to list the St. Romaine judgment in the settlement statement or to obtain a cancellation of the judgment prior to closing the loan. The title policy document states that its effective date is December 28, 2001. This was confirmed by Johnson. Although the lender did not receive a copy of the title policy until after June 27, 2002, the alleged act, omission, or neglect of which Commonwealth complains occurred on December 28, 2001, the failure to list the preexisting judgment on the settlement statement and on Schedule B of the title insurance policy. Accordingly, we find that the trial court correctly granted summary judgment and sustained Jones' peremptory exception of peremption in this matter.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the plaintiff-appellant, Commonwealth Land Title Insurance Company.

**AFFIRMED.**

11