hAMY, Judge.
Eugene Jones brought an action seeking recovery for medical malpractice. In response, Jennings American Legion Hospital filed a peremptory exception of prescription. After a contradictory hearing, the trial court sustained the exception. For the following reasons, we reverse and remand.
Factual and Procedural Background
This medical malpractice claim arises from an emergency room visit at Jennings American Legion Hospital (“American Legion”) on April 4, 1997. Eugene Jones received multiple lacerations when a glass bottle exploded while he was burning trash. Seeking medical attention, Mr. Jones went to American Legion where he was treated by Dr. Lam Nguyen, an emergency room physician. Mr. Jones now alleges that Dr. Nguyen rendered negli *1204 gent care on this April 4, 1997 emergency room visit. Notably, Mr. Jones was under active duty of the United States Army at the time of this injury.
In his request for review filed with the Louisiana Patient’s Compensation Fund, Mr. Jones specifically alleges that Dr. Nguyen allowed a piece of glass to remain in his face and claims that he experienced constant pain in his face for three years. Mr. Jones additionally alleges Dr. Nguyen negligently applied sutures in his right arm and asserts that he was forced to undergo physical therapy as a result.
These complaints of pain and resulting treatment are supported by the military medical records of Mr. Jones. Specifically, the medical records indicate that Mr. Jones received physical therapy for his arm in May of 1997. Thereafter, the medical records provide that Mr. Jones was treated after complaining of pain in his face in May of 1998. On June 29, 1999, Mr. Jones’ medical records disclose that there was a possible foreign body in the area of his left mandible. Furthermore, an August 30, [¡.1999 report provides the following: “24 yo BM with a foreign body in the subcutaneous area of the L mandible needs radiographic confirmation prior to removal.” Yet, Mr. Jones did not receive the radiographic confirmation at that time.
In accordance with his military orders, Mr. Jones left the United States to report for duty in Korea in October of 1999. While in Korea, Mr. Jones had his face X-rayed, and Dr. T. Hoang removed a small piece of glass from Mr. Jones’ left jaw area on March 17, 2000. Subsequently, Mr. Jones returned to the United States and filed his request for review with the Louisiana Patient’s Compensation Fund on June 7, 2000. Mr. Jones was officially discharged from his duties in Korea on August 4, 2000; and today, he remains under active duty with the Army.
Once Mr. Jones filed his request for review, American Legion requested a docket number on this matter. Once a docket number was assigned, American Legion filed a peremptory exception of prescription. The trial court sustained American Legion’s exception, finding that Mr. Jones’ complaint was filed more than three years after treatment. The trial court also found that the doctrine of contra non valentem was inapplicable because Mr. Jones knew or should have known that he may have been the victim of malpractice as he experienced continuous pain in his face for three years after treatment.
Mr. Jones now appeals, raising the following assignments of error: (1) the trial court erred in holding that the three year prescriptive period for filing claims under the Medical Malpractice Act was not tolled by Jones’ military status pursuant to the Soldiers’ and Sailors’ Civil Relief Act; and, (2) the trial court erred in holding that the doctrine of contra non-valentem does not suspend the running of prescription.
^Discussion
The prescriptive periods applicable to medical malpractice cases are set forth by La.R.S. 9:5628, which states, in part: *1205 Accordingly, if a medical malpractice action is not filed within one year of the alleged act, omission or neglect, the complaint must be filed within one year from the discovery of the alleged malpractice. Hebert v. Doctors Mem’l Hosp., 486 So.2d 717 (La.1986). The discovery rule is expressly inapplicable after three years from date of the alleged act, omission or neglect. Id.
*1204 A. No action for damages for injury or death against any physician ... hospital or nursing home duly licensed under the laws of this state, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
*1205 Yet, in support of the first assignment of error, Mr. Jones argues that the Soldiers’ and Sailors’ Civil Relief Act suspends all prescriptive periods of La.R.S. 9:5628 until the date of his official discharge from the United States Army. We agree.
50 U.S.CAApp. § 525 provides:
The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after October 6,1942 be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax, or assessment.
|4When applying this statute to the instant case, the trial court stated:
[T]he defendant relies on the fact that Mr. Jones was in the military service and actually continues I believe until today to be in the military service throughout the time frame that we’re talking about. From April of '97 through the time the complaint was filed in June of 2000, he was in the military. And the defendant relies on the Sailors’ — Soldiers’ and Sailors’ Civil Relief Act for that contention. There are no cases in Louisiana that would support that position. And although' — although there apparently are some cases in the — in the United States in which courts have taken a rather liberal interpretation of that Act and have, in fact, suspended the running of prescription during the period of time that a person is in the military that does not seem to be the case with — with the few cases that we have in — in Louisiana. Louisiana apparently takes a more restrictive interpretation and requires that there be some — some detriment to the filing of the complaint or — or suit as a result of the military service, and that military service somehow has prevented the claimant or petitioner from filing his or her action. Again, that does not appear to be the case in this particular case. Mr. Jones, although again he was in the military service during' — throughout this entire time was in the United States until October of '99, and during that period of time, he received treatment in May of 1998 for the pain in his jaw, and he also, of course, had the records in June of '99 to indicate that there was a foreign object in — in the jaw area.
Having been in the United States until October of 1999, he had, in the Court’s opinion, ample opportunity to have initiated the appropriate claim to assert his malpractice claim. He failed to do so, but was not prejudiced by his military service — or prevented by his military service from filing a claim timely-
Therefore, the Court feels that the Soldiers’ and Sailors’ Civil Relief Act would not in this particular case prevent — have prevented the running of prescription.
*1206 However, in Conroy v. Aniskoff, 507 U.S. 511, 113 S.Ct. 1562, 123 L.Ed.2d 229 (1993), the° United States Supreme Court held that a member of the Armed Services is not required to show prejudice to be afforded the protections of the Soldiers’ and Sailors’ Civil Relief Act. Id. In reaching this holding, the Court stated that: “The statutory command in § 525 is unambiguous, unequivocal, and unlimited.” Id. at 514, 1564, 113 S.Ct. 1562. The Court additionally found that the legislative history of § 525 “confirms a congressional intent to protect all military personnel on active duty, just as the |fistatutory language provides.” Id. at 515, 1565, 113 S.Ct. 1562. Thus, military personnel need not show that their lives have been disrupted by military service or suffered prejudice for the application of the Soldiers’ and Sailors’ Civil Relief Act. Id.
Mr. Jones was under active military duty from the time of his injury until the time his request for review was filed. And, the prescriptive periods of La.R.S. 9:5628 would not apply as long as he was under active duty. Therefore, Mr. Jones’ claim has not prescribed. Accordingly, the trial court erred when it ruled that the Soldiers’ and Sailors’ Civil Relief Act did not suspend the running of prescription and granted American Legion’s exception of prescription.
Since the Soldiers’ and Sailors’ Civil Relief Act prevented prescription from running against Mr. Jones, we find it unnecessary to address the appellant’s second assignment of error.
DECREE
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings. All costs of this appeal are assigned to the appellee, Jennings American Legion Hospital.
REVERSED AND REMANDED.