961 So.2d 559 (2007)
E. Ray KETHLEY, Plaintiff-Appellee
v.
JACK & KETHLEY, et al, Defendant-Appellants.
No. 42,219-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*560 Cook, Yancey, King & Galloway, by Herschel E. Richard, Jr., John T. Kalmbach, Jason B. Nichols, Shreveport, for Appellant John S. Odom Jr.
Rice & Kendig, by William F. Kendig, Shreveport, for Appellants Jack & Kethley & Wellborn Jack, Jr.
David L. White, Bossier City, for Appellee E. Ray Kethley.
Before WILLIAMS, STEWART and MOORE, JJ.
MOORE, J.
The intervening attorney, John S. Odom Jr., appeals a judgment that dismissed his client E. Ray Kethley's suit on grounds of abandonment. For the reasons expressed, we affirm.

Factual Background
In August 1990, Shreveport attorneys E. Ray Kethley and Wellborn Jack Jr. executed a partnership agreement to practice law together. The enterprise was short-lived; in February 1992 Jack advised Kethley that he wished to terminate the partnership pursuant to the agreement, and Kethley confirmed this by letter of March 8, 1992. The partners allocated their open files in accordance with their clients' requests, but Kethley disputed the accounting of expenses and the ownership of large office equipment. He hired John S. Odom Jr. to represent him and filed the instant suit to dissolve the partnership judicially on March 8, 1996.
Jack responded with exceptions of prescription and no cause of action. After continuances were granted, discovery proceeded slowly, culminating in two judgments, in February and April 1999, compelling Jack to comply with requests for production of documents.
On April 14, 2003, Jack filed an ex parte motion to dismiss the claim as abandoned. *561 He alleged that the last correspondence he received from Kethley's lawyer, Odom, was on May 21, 1999, and his own last action in the case had been on May 26, 1999. He contended that either way, the three-year abandonment period of La. C.C.P. art. 561 had elapsed.
The district court agreed, signing an ex parte judgment of dismissal on April 15, 2003.
Kethley responded with a rule to set aside the order of dismissal, alleging that his lawyer, Odom, was on active duty with the U.S. Air Force; since May 1999, the date of the last step in the prosecution of the case, he had served 764 days in 37 different locations around the globe, including assignments as a Staff Judge Advocate and, since August 2002, on full-time active duty as a prosecutor in the Canadian "Friendly Fire" courts-martial at Barksdale AFB in Bossier City. Jack replied that the case was abandoned in May 2002, before Odom was called to full-time duty.
In May 2005, Kethley sued Odom in a separate action for legal malpractice; Odom formally withdrew as his counsel in the partnership suit.
In March 2006, Odom intervened in the partnership suit, alleging that its outcome would determine his malpractice liability; he became the de facto plaintiff seeking to set aside the judgment of dismissal. He argued that his extensive military service amounted to circumstances beyond his control, warranting an exception to Art. 561. By supplemental memo, he invoked the protection of the Servicemembers Civil Relief Act, in particular 50 U.S.C.App. § 526(a). This section now provides:
(a) Tolling of statutes of limitation during military service
The period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrator, or assigns.[1]
Odom showed that between May 28, 1999 and May 27, 2002, he served 286 days' active duty. He contended that under § 526, those days should be subtracted from the abandonment period. He also contended that § 526 must be liberally construed to protect the rights of service members, and Art. 561 liberally construed to preserve legal actions.
Jack responded that the Act applies only to service members who are plaintiffs or defendants: it grants no relief from malpractice claims for attorneys on active duty. Despite the U.S. Supreme Court's embrace of the liberal construction rule, Jack contended that no case has ever construed § 526 to suspend prescription in the manner proposed by Odom.
At the hearing on the rule, most of the argument centered on the admissibility of Odom's military leave and earnings statements, and on whether any of his communications were shielded by the attorney-client privilege. Odom enumerated his *562 service dates and described, with obvious pride, his military duties, which he considered his paramount achievement. Over objection, he testified that § 526 and Art. 561 should be liberally construed against abandonment. On cross-examination, however, he admitted that he never asked for any extension of time before the three years expired. Also, despite years of military service, he had never associated another attorney on a file or allowed any other case to lapse.
The district court ruled that § 526 applies only to litigants, not to attorneys, and that nothing in the record rebutted the finding that the case was abandoned under Art. 561. The court denied the rule to set aside the order of dismissal. As intervenor, Odom has appealed.

The Parties' Contentions
Odom has advanced two assignments of error. By the first, he contends that "under the circumstances" § 526(a) suspended or extended the abandonment period under La. C.C.P. art. 561 for the 582 days of his mandatory active duty in the Air Force Reserve. The statute must be liberally construed. Conroy v. Aniskoff, 507 U.S. 511, 113 S.Ct. 1562, 123 L.Ed.2d 229 (1993); Jennings American Legion Hosp. v. Jones, XXXX-XXXX (La.App. 3 Cir. 10/30/02, 829 So.2d 1203). While § 526(a) does not explicitly refer to extinguishment of a claim due to the mere passage of time, a liberal construction would encompass this effect. To illustrate the wide scope of the statute, Odom cites 13 other sections of the Act that grant extensions in debtor-creditor relations, tax proceedings and other matters. He also cites § 513(a) as a catchall section that suspends or tolls "any period limited by law, regulation, or order" affecting a service member's civil rights and extends all the protections set forth therein to those who "are or may be primarily or secondarily" liable for an obligation.
Second, he contends that contra non valentem operates as an exception to Art. 561 when the failure to prosecute results from facts beyond the plaintiff's control. In one case, a suit was reinstated because the plaintiff had military obligations, Zatarain v. Portera, 63 So.2d 477 (Orl.Cir.1953), writ denied (not reported, 1953); numerous other cases have acknowledged the principle while finding it inapplicable. Finally, there was no showing that either Kethley or Odom intended to abandon the suit.
Jack responds that abandonment under Art. 561 is conceded and no theory of contra non valentem applies. With due respect to Odom's valiant post-9/11 military service, Jack shows that most of the three-year period accrued before that date, and Odom was not called to full-time active duty until August 19, 2002, after the matter was abandoned. During the same period, Odom was able to handle all his other matters.
Jack further contends that Odom's reliance on § 526 is totally misguided as the Act applies only to service members as plaintiffs or defendants, not to those who are lawyers providing representation to non-service members. There is not one case granting this kind of extension.[2] *563 Moreover, the other sections of the Act are equally inapplicable; e.g., § 513(a) defines a secondary obligor as a "surety, guarantor, endorser, accommodation maker, comaker," none of which describes an attorney sued for malpractice. He concludes the Act was never intended to protect attorneys from their own professional lapses.

Discussion
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561 A(1). There is no question that the three-year abandonment period expired in this case. The issue is whether to apply the "plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control." Clark v. State Farm, XXXX-XXXX (La.5/15/01), 785 So.2d 779.
We have closely examined the pertinent provisions of the Act. Section 526(a) states that the "period of a servicemember's military service may not be included in computing any period limited by law * * * for the bringing of any action or proceeding in a court * * * by or against the servicemember or the servicemember's heirs, executors, administrators or assigns" (emphasis added). Odom vigorously argues that under the rule of liberal construction announced in Conroy v. Aniskoff, supra, the reference to "bringing any action or proceeding" should be interpreted to include "continuing any action or proceeding." He also argues that by virtue of his intervention, he is now a party litigant entitled to the protection of § 516(a).
These arguments, however, do not address the fundamental discrepancy between § 526 and the facts of this case. The suit to dissolve the partnership was not "by or against the servicemember." The servicemember was the plaintiff's attorney, a status not embraced by § 526. Even under the broadest possible reading, we are unable to extend the benefits of the act to parties not contemplated therein. His subsequent intervention cannot cloak him with greater rights than he had before.
Another salient provision is the stay of proceedings under § 522(b):
(b) Authority for stay
At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days * * *.
Again, the stay is premised on the status of a service member as a party; it makes the stay automatic on the service member's application. Here, neither condition has been satisfied. The instant case provides no basis for granting the § 522(b) stay.
Finally, we consider the application of § 513(a), which extends the protections of the Act to persons secondarily liable:
(a) Extension of protection when actions stayed, postponed, or suspended
Whenever pursuant to this Act a court stays, postpones, or suspends (1) the enforcement of an obligation or liability, (2) the prosecution of a suit or proceeding, (3) the entry or enforcement of an order, writ, judgment, or decree, or (4) the postponement of any other act, the court may likewise grant such a stay, postponement, or suspension to a surety, guarantor, endorser, accommodation *564 maker, comaker, or other person who is or may be secondarily subject to the obligation or liability the performance of which is stayed, postponed, or suspended.
As noted, Odom filed no application for stay, postponement or suspension based on his military service. Furthermore, the concept of secondary liability encompasses persons whose financial responsibility is based on negotiable instruments, such as the accommodation maker in White System of Lafayette Inc. v. Fisher, 16 So.2d 89 (La.App. 1 Cir.1943), writ ref'd (not reported, 1944). In commercial law, secondary liability refers to the obligation of an endorser or guarantor. La. R.S. 10:3-414, UCC Comment 4 ("the drawer's liability is that of a person secondarily liable as a guarantor of payment"); R.S. 10:5-103, UCC Comment 1 ("in the United States the word `guarantee' is more typically used to describe a suretyship transaction in which the `guarantor' is only secondarily liable"). Simply put, Odom bears none of the marks of the financial responsibility outlined in § 513.
In short, we find that the Servicemembers Civil Relief Act does not suspend, interrupt, or otherwise postpone the abandonment period of three years under La. C.C.P. art. 561 in favor of the plaintiff's attorney, who was on active duty for a portion of the time. The district court was not legally wrong to find § 526(a) and the other suggested portions of the Act inapplicable.
Finally, regardless of the impact of the Servicemembers Civil Relief Act, we have considered whether the failure to prosecute was caused by circumstances beyond the plaintiff's control. Clark v. State Farm, supra. Under the liberal construction rule, this court will consider various acts of the plaintiff or counsel as steps in the prosecution. State v. Cole Oil & Tire Co., 36,122 (La.App. 2 Cir. 7/17/02), 822 So.2d 229, writ denied, 2002-2325 (La.11/15/02), 829 So.2d 436. In this case, there are no off-record acts or documents to interpret as steps in the prosecution.
Superficially, Kethley had no control over Odom's military service; that was a matter affecting only Odom, who was not the plaintiff. As a client, however, Kethley was entitled to expect that his attorney would act with reasonable diligence and promptness, keep him reasonably informed about the status of his case, and make reasonable efforts to expedite the litigation consistent with the interests of the client. Rules of Prof. Resp. 1.3, 1.4(a)(3), 3.2. Odom testified that he maintained a civil litigation practice during the three-year period and was not placed on full-time active duty until after the case was dismissed. He made no effort to inform Kethley, or the court, of his military obligations, and he could not recall asking any of his partners about associating as cocounsel in the case. The record shows that despite the pressing demands of military service, Odom was able to serve other clients personally, and had resources available to serve them through cocounsel. Even if we were to accept that external factors affecting only plaintiff's counsel could prove an exception to Art. 561, on this record we cannot say that Odom's military service rose to the level of contra non valentem. He seemed perfectly able to manage his practice despite his military commitments. The district court did not err in denying the claim of an exception to Art. 561.

Conclusion
For the reasons expressed, the judgment is affirmed. All costs are to be paid by the intervenor, John S. Odom Jr.
AFFIRMED.
NOTES
[1] Section 526(a) is the statute as amended by Pub.L. 108-189, effective December 19, 2003, with the proviso that the amended version applies to "any case that is not final" before that date. The parties concede that the amendment made no substantive change to the law, although the prior version, 50 U.S.C.App. § 521 (then called the "Soldiers' and Sailors' Civil Relief Act of 1940"), had specified that when "a person in the military service is involved, either as plaintiff or defendant," he or she was entitled to a stay of proceedings.
[2] In support, Jack has attached a 1 ¼-inch thick printout of the "Soldiers' and Sailors' Civil Relief Guide," a July 2000 publication of the Judge Advocate General's School, Charlottesville, Virginia. While this is not the law, it does state that a stay of proceedings is available to military plaintiff and defendant "but not plaintiff's attorney if the attorney is the person called to active duty." In support, it cites an unreported Texas case, Salazar v. Rahman, 1993 WL 22085 (Tex.App.-Houston (14 Dist.) 2/4/93), which affirms a summary judgment, holding that § 526's predecessor "clearly does not provide for a stay based on an attorney's military service."